**ALLEN et al. v. HERRERA.**

No. 12540.

Court of Civil Appeals of Texas.
San Antonio.

April 22, 1953.

Rehearing Denied May 20, 1953.

Harvey L. Hardy, James V. Mondin, San Antonio, for appellant.

M. C. Gonzales, San Antonio, for appellee.

NORVELL, Justice.

By action of R. D. Allen, Chief of Police of the City of San Antonio, Hector O. Herrera was indefinitely suspended from membership in the police department. He appealed to the Civil Service Commission which, after hearing, rendered its decision finding that on May 29, 1952, Herrera had violated the Civil Service Rules by exercising undue severity and cruelty upon a prisoner in his custody. The Commission ordered that he be temporarily suspended for a period of ninety days. An appeal was taken to the district court which, by order dated October 9, 1952, set aside the suspension ordered by the commission.

Herrera has field no brief in this Court and we accordingly accept as true the statements as to the facts and the record which are contained in the brief filed on behalf of the Firemen's and Policemen's Civil Service Commission and the Chief of Police, the appellants before this Court. Rule 419, Texas Rules of Civil Procedure.

Seemingly, the controlling question upon this appeal relates to the nature of the hearing conducted in the district court under the provisions of Article 1269m, Vernon's Ann.Tex.Stats.

The Chief of Police is authorized to suspend indefinitely any officer or employee under his supervision or jurisdiction for violation of Civil Service Rules, but is required, within forty-eight hours, to file a written statement with the Civil Service Commission giving the reasons for such suspension. The suspended employee is given the right to appeal to the Civil Service Commission, which is required to hold a hearing and render a decision in writing within thirty days after it receives notice of appeal. The statutes provide that, "Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed from the Fire or Police Department or be restored to his former position or status in the classified service in the department." Article 1269m, § 16.

Section 18 of the Firemen's and Policemen's Civil Service Act, Article 1269m, § 18, Vernon's Ann.Tex.Stats., relates to appeals to the district court. This section reads as follows:

"In the event any Fireman or Policeman is dissatisfied with the decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that his order of suspension or dismissal be set aside, that he be reinstated in the Fire Department or Police Department, and such case shall be tried de novo. Such cases shall be advanced on the docket of the District Court, and shall be given a preference setting over all other cases."

In Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666, the Supreme Court, in construing Article 1269m, § 18, said that:

"The extent of such a review [by the district court] has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order. Shupee v. Railroad Commission, supra [123 Tex. 521, 73 S.W.2d 505]; Bradley v. Texas Liquor Control Board, supra [Tex.Civ.App., 108 S.W.2d 300]; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. There is nothing in Section 18 to suggest that the district court is empowered to do more. Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the

taint of any illegality and is reasonably supported by substantial evidence. Letwin v. Gulf Oil Corp., Tex.Civ. App., 164 S.W.2d 234, error refused; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Miller v. Tarry, Tex.Civ.App., 191 S.W. 2d 501, error refused, no reversible error."

In the recent case of Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, Tex.Sup., 242 S.W.2d 181, 183, 27 A.L.R.2d 965, the Supreme Court, in stating the rule applicable to review of administrative decisions, said:

"Although the application of the substantial evidence rule to judicial review of purely administrative decisions is of relatively recent origin in our jurisprudence (See The Administrative Law of Texas, 29 Tex.Law Rev. 226), the decisions of this court have now fairly well marked out its basic features. The administrative agency is the fact-finding body and the question to be determined by the courts is strictly one of law. Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424. Furthermore, the question must be determined by the courts from a consideration of the entire record in the case as that record has been made in the trial court. Trapp v. Shell Oil Co., Inc., supra, 198 S.W.2d at page 440; Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202. The test is not whether the evidence admitted in court preponderates against the administrative decision, Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420, nor yet whether there is merely some evidence to support the decision. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338. The test is whether the administrative decision finds *reasonable* support in *substantial* evidence. Hawkins v. Texas Co., supra, 209 S.W.2d at page 340, Jones v. Marsh, supra."

 The statement of facts discloses that the decision of the Civil Service Commission has reasonable support in substantial evidence. While the evidence introduced upon the trial was conflicting, there was testimony by a number of witnesses which if credited disclosed that Herrera had used excessive force in effecting an arrest for drunkenness. It appeared from medical testimony that the person arrested had suffered a fractured skull, as the result of being struck over the head, and the arrested party testified that he had been beaten with a pistol. This testimony in turn was corroborated by that of other witnesses.

The judgment of the district court is reversed and judgment here rendered sustaining the action of the Civil Service Commission.