## SIMPSON v. CITY OF HOUSTON et al.
## No. 12562.

Court of Civil Appeals of Texas. Galveston.

May 28, 1953.

Rehearing Denied June 25, 1953.

Bernard A. Golding, of Houston, for appellant.

Will Sears, City Atty., and Richard Burks, Senior Asst. City Atty., of Houston, for appellee.

Gaius G. Gannon, Houston, amicus curiae.

CODY, Justice.

This was an appeal by a member of the Police Department of the City of Houston to the District Court of Harris County, made under the provisions of section 18 of Article 1269m of Vernon's Texas Civil Statutes, from an order of the Firemen's and Policemen's Civil Service Commission of the city. And in such appeal plaintiff, M. M. Simpson, also asked to recover back pay from the date of his suspension, which was August 11, 1950. The defendants to the action were the Mayor, the members of the Civil Service Commission, the Chief of Police, and the municipality of Houston. Said defendants filed an answer to the petition of Mr. Simpson, the details of which need not be given.

Defendants also filed a motion for summary judgment under Rule 166-A, TRCP, and in support thereof introduced an affidavit which was framed so as to incorporate the entire record of the evidence, and proceedings which were had before the city's said Civil Service Commission. The defendants by their motion urged that the evidence so incorporated in the affidavit established the existence of substantial evidence which reasonably supported the Commission's findings, and the dismissal of Mr. Simpson as Night Chief of Police. Mr. Simpson, in response to defendants' said motion for summary judgment, denied that the adverse evidence given against him upon the hearing before the Commission was true, and urged that the motion for summary judgment had no application to appeals from the action of the City Civil Service because, under the aforesaid section 18, he was entitled to a trial de novo. Further, that he had been denied due process of law by being dismissed under the evidence presented before the Commission, as well as by the procedure used before said Civil Service Commission. Further, that the excerpts selected by defendants from the testimony on the hearing before the Commission do not fully and fairly reflect the same. Further that his suspension from the Police Department was without

due process of law, in that he was not confronted in the district court by witnesses and allowed to cross-examine them, and further, that the Commission did not afford him a fair hearing. Plaintiff's answer further contained the plea of res adjudicata to the effect that he had been indicted and tried and acquitted before the district court upon the same charges as those on which he was dismissed from the Police Department by the Chief of Police. Plaintiff further answered the defendants' motion for summary judgment that "The proceedings before said Commission ignored all considerations of fairness; were conducted in an atmosphere of hostility and prejudice in that illegal and hearsay evidence was permitted to be introduced by the City, and the allowance of evidence on conditions and facts not embraced in the charges filed by the Department Head against this Plaintiff. The Commission permitted (sic) dubious of ordinary understanding of due process of law at every step.

"Although numerous witnesses appeared in said proceedings against Plaintiff, the case against him on the facts rested essentially upon the admittedly biased testimony of Gears and Maniscalco which it was flagrant error to accept for any purpose. The finding against Plaintiff upon such testimony, in view of its (sic) pacuity and its unreliability, is to substitute arbitrary fiat for reasoned conviction."

It is enough to state at this point, we believe, the following facts: On August 11, 1950, the then Chief of Police presented Mr. Simpson with a written notice of his dismissal which specified, among other grounds, the acceptance of bribery money from a Mrs. Gears, who operated a dance hall, to be allowed to violate the requirements as to when dance halls should be closed. Appended to this opinion is a copy of the charge against Mr. Simpson.

On August 25, 1950, the plaintiff was indicted by the grand jury on three separate counts, charging him with offenses for which he was dismissed from the Police Department. On November 27, 1951, the first of the cases was tried, and the court in-

structed a verdict for plaintiff, and the two remaining indictments were thereupon dismissed. The proceeding to have the dismissal set aside was seasonably begun by plaintiff before the Civil Service Commission, but was abated pending his trial upon the indictments charging him with accepting bribes. The hearing before the Commission began on December 20, 1951, and was concluded on December 22, 1951. The evidence introduced on such hearing consists of 684 pages. And the Commission denied Mr. Simpson all relief he sought from his dismissal from the Police Department.

Upon the hearing on the motion for summary judgment the court found that "there is no genuine issue as to any material fact and that defendants are entitled to a judgment as a matter of law, in that the decision of the Firemen's and Policemen's Civil Service Commission of the City of Houston in dismissing the Plaintiff from the Police Department is reasonably supported by substantial evidence", and the motion was accordingly granted, and judgment rendered that plaintiff M. M. Simpson take nothing, from which judgment this appeal is prosecuted.

Appellant, M. M. Simpson, predicates this appeal upon the following three points:

1. Refusal to grant trial de novo as provided for by section 18, Art. 1269m, Vernon's Civil Statutes of Texas, offends due process of law and denies constitutional guarantees accorded appellant under fifth and fourteenth amendment, United States Constitution, as well as applicable constitutional sections of Texas.

2. It was error fundamental in rendering judgment herein to consider and base decree upon statement and charges not appearing of record contrary to section 16, Art. 1269m, Vernon's Texas Civil Statutes; thus denying constitutional guarantees of due process to appellant.

3. The principle of res judicata is as applicable to the decisions of a criminal court as to those of a civil court. A final determination of an issue of law in either court is conclusive between the same parties in the other court.

We overrule appellant's first point. It is not to be supposed the court below received the record and the evidence had before the Civil Service Commission to search for and correct nonpermissible errors therein. Appellees incorporated all the evidence which had been introduced before the Commission in the affidavit in support of the motion for summary judgment as a convenient method of presenting to the district court that there is in existence substantial evidence to support the decision of the Commission that appellant had violated his duty by accepting bribes as charged. This was the very issue to be determined by the court, as we shall see. Appellant did not deny the existence of such evidence, but characterized it as not substantial, unreliable and prejudicial. What is substantial evidence is a question of law. He was not denied the right to introduce any evidence upon the hearing on the motion for summary judgment. The truth is that it was and is appellant's contention that the terms of section 18, Article 1269m, Vernon's Civil Statutes of Texas, give any fireman or policeman who is dissatisfied with any decision of the Commission the right to appeal 'same to the district court, and there to try the matter anew with the authority in the court to substitute its judgment on the facts for that of the Commission. It is true that section 18 provides for a trial de novo, but the term "trial de novo" is not used in said section to mean what the Supreme Court said in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, the term means. As used in section 18 the trial de novo means "a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence." Fire Dept. of City of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 510, 217 S.W.2d 664, 666. And see Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, Tex.Sup., 242 S.W.2d 181, 27 A.L.R.2d 965.

An administrative agency such as the Civil Service Commission of a city is, with respect to its action on matters vested by the legislature in its discretion, the fact-finding body, and the question to be determined in a trial de novo under said section 18 is strictly one of law; the holdings to the contrary in Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W. 2d 1022, and Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941, were overruled in Trapp v. Shell Oil Company, 145 Tex. 323, 198 S.W.2d 424. See also Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, supra; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Fire Dept. of the City of Ft. Worth v. City of Ft. Worth, supra [145 Tex. 323, 198 S.W.2d 441]. On motion for rehearing in the Trapp case, supra, while the court disavowed any intention of giving a comprehensive definition of the test of proper application of the rule of substantial evidence, the court held that the issue to be tried in court is not whether the agency came to the proper fact conclusion on the basis of conflicting testimony, but whether or not it acted arbitrarily and without regard to the facts; said the court: " 'If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.' " The court below correctly concluded that, upon the state of the record before him, only a question of law was presented.

We overrule appellant's second point. The statutory rights conferred by Art. 1269m, V.A.T.S., practically guaranteed a tenure of employment for them during good behavior, but such rights are not vested rights. So, where a policeman is dismissed from his employment for statutory cause and his dismissal is sustained by the Commission under the application of the substantial evidence rule, his constitutional rights are not involved.

We overrule appellant's third point. This procedure is a civil suit. The fact that appellant was acquitted upon the trial of the charge of bribery in a criminal prosecution cannot be urged as conclusive in his favor in this civil procedure, whether as res adjudicata or estoppel by judg-

ment. See Pittman **v.** Stephens, Tex.Civ. App., 153 S.W.2d 314.

In this case the Court had the assistance of unusually able briefs, both by the parties and amicus curiae.

The judgment is affirmed.

MONTEITH, C. J., not sitting.

### Appended Copy of the Charge Against Mr. Simpson

"Hon. Civil Service      B. W. Payne
Commission of the      Chief of Police
City of Houston      August 11, 1950

Indefinite suspension of
Night Chief M. M. Simpson

"Under and by virtue of the authority vested in me by Article 1269m of the Revised Civil Statutes of the State of Texas, the same being the Firemen and Policemen's State Civil Service Law, I have indefinitely suspended Night Chief M. M. Simpson from the Police Department of the City of Houston effective 1 P. M. August 10, 1950, and, in accordance with Section 17 of said Act, I file this as my written statement with the Commission giving my reasons for such suspension.

"There is probable cause to believe that Night Chief M. M. Simpson has violated the following subsections of Section 2 of Rule XVI, which subsections read as follows:

"(b) Has been guilty of an immoral or criminal act.

"(e) Has been guilty of acts which amount to an act of insubordination, or to disgraceful conduct, whether such acts were committed while on duty or off duty.

"(k) Has been guilty of any conduct unbecoming to an officer or employee of the City of Houston.

"(*l*)  Has wilfully shown lack of good moral character.

"(*o*)  Has been guilty of conduct which was prejudicial to good order of the Fire and Police Departments of the City of Houston.

"(s) Has been induced, or has attempted to induce an officer or employee in the service of the city, to commit an unlawful act or to act in violation of any lawful and reasonable departmental or official regulation or order; or has taken any fee, gift, or other valuable thing in the course of his work or in connection with it, for his personal use from any citizen, when such fee, gift, or other valuable thing is given in the hope or expectation of receiving a favor or better treatment than that accorded other citizens.

"Under these charges, it is specified that on divers occasions, the exact dates being unknown to me, but which occasions occurred subsequent to the First of April, 1950, Night Chief M. M. Simpson, in his capacity as a Police Officer of the City of Houston, agreed to accept and accepted certain sums of money, the exact amounts being unknown to me, but the sums known to me approximating a total of $450.00, to unlawfully permit Mrs. Thomas Malone Gears, operator of a Class A dance hall, as defined by the Dance Hall Ordinance of the City of Houston, being Ordinance No. 8304, to unlawfully violate the terms of said ordinance as amended by Ordinance No. 341, requiring all dance halls to close between the hours of 1 o'clock A. M. and 12 o'clock Noon, and to unlawfully permit her, the said Mrs. Gears, to keep said dance hall, called Sargeant's Drive-In, located at 108 Houston Harbor, open past the legal closing hour of 1 A. M. and to permit dancing therein after such hour. The exact dates upon which the said sums of money were paid to the said Night Chief M. M. Simpson are unknown to me.

"Under these charges, it is further specified that the said Night Chief M. M. Simpson, on certain unknown dates as specified above, agreed to accept and accepted the sums of money set out above to unlawfully permit the said Mrs. Gears to violate Article 667–10 of the Penal Code of the State of Texas prohibiting the sale of beer after certain hours by unlawfully selling beer after certain hours in said Sargeant's Drive-In and to unlawfully permit the said Mrs. Gears to violate the provisions of Article 666–17, subsection 13, of the Penal Code of the State of Texas prohibiting the

sale of liquor in a container of less than one-half pint capacity by permitting the sale of liquor by the drink in the said Sargeant's Drive-In.

"B. W. Payne
"Chief of Police."