**HYNES**

v.

**CITY OF HOUSTON et al.**

No. 12605.

Court of Civil Appeals of Texas. Galveston.

Nov. 12, 1953.

Rehearing Denied Jan. 21, 1954.

Gaius G. Gannon, Houston, for appellant.

William G. Sears, City Atty., Houston, and DeWitt Reagan, Asst. City Atty., Houston, for appellees.

GRAVES, Justice.

This appeal by the appellant here—formerly a Lieutenant of Police in the Police Department of the City of Houston, is from a judgment of the 127th District Court of Harris County, Honorable William M. Holland presiding without a jury, affirming a pre-existing order of the appellee, Civil Service Commission, dismissing the appellant from such position, declaring, in its substantial features, as follows: " * * * on the 16th day of March, 1953, at a regular term of this Court in the above entitled and numbered cause, wherein P. L. Hynes is Plaintiff and the City of Houston, L. D. Morrison, Chief of Police, Firemen's and Policemen's Civil Service Commission of the City of Houston, Robert C. Stampp, Roland Busch and Dave Laufman, members of said Civil Service Commission, are

defendants, came on all of the parties, * * *, and the cause proceeding from day to day until the 17th day of March, 1953, on which date the pleadings, the evidence, and the argument of counsel having been heard and fully understood, and the Court being of the opinion that the Plaintiff's appeal from the order of discharge by the Firemen's and Policemen's Civil Service Commission is without merit, and that the decision of said Commission is reasonably supported by substantial evidence;

"It is, therefore, Ordered, Adjudged, and Decreed that the plaintiff take nothing by his suit, * * *."

In this Court, through some 17 Points, appellant protests against the judgment so adverse to him, upon substantially these grounds: First, the letter of the Chief of Police suspending him from such position was insufficient as a basis for his removal, or suspension, from such position under the requirements of Section 16 of the Civil Service Law, Acts of 1947, 50th Legislature, Chapter 325, page 550, and especially Section 5 thereof, as a basis for his removal, or suspension, from his position; Second, there was no substantial evidence heard by the court sufficient to support either the removal or suspension of the appellant from such position; likewise unsupported were its further holdings; Third, that such acts of appellant, as drinking, or purchasing of intoxicants, while off duty, removing his uniform, committing an act of improper conduct with a female on a public road, constituted legally supportable offenses under the Civil Service Law justifying his suspension or removal from his position, and Fourth, that appellant's suspension from his office was shown to have been the result of arbitrary, whimsical and capricious action on the part of the Chief of Police, as well as by the Civil Service Commission in upholding his action.

■ None of appellant's presentments, it is determined, should be sustained; indeed, it is the conclusion of this Court that the reaches of this appeal, by and large, go no further than to make of this controversy a cause for appellate disposition, not different

from that of Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, writ of error refused, n. r. e.

It is, accordingly, not deemed necessary to again construe, as applicable thereto, the Civil Service Law upon which it is based, i. e., V.A.T.S. Art. 1269m.

For purposes of clarity, the letter of discharge from the Chief of Police of the appellant is hereto attached, and made a part hereof as Exhibit "A" to this opinion.

There was no summary judgment rendered in this cause, as there was in Simpson v. City of Houston, supra, and these appellees have complained of the trial court's action—through cross-assignments—of its refusal to so decree in their favor; but, in view of the affirmance of the trial court's judgment, it is deemed unnecessary to otherwise dispose of such cross-assignments.

It is especially held here that all of appellant's assignments, contending that the evidence heard was insufficient to support the decision so rendered by the trial court against him, are without merit; this for the reason that the record shows that appellant was given the opportunity, both to testify and to present evidence otherwise in his own behalf on the trial before the Commission, but that he did not testify, or present any other witnesses, or any evidence, and when the appellees rested he did likewise. Whereupon, the Commission took the action appealed to the trial court.

■ As this Court understands the Civil Service Law and the holdings of our courts construing it, no other question can come before the trial court in this instance than that of whether or not the Civil Service Commission's decision in this case was properly found to have been reasonably supported by the substantial evidence that was heard. The authorities support that holding. Allan v. Herrera, Tex.Civ.App., 257 S.W.2d 753; Fire Department of City of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664; Board of Firemen's Relief and Retirement Fund Trustees of Houston v. Marks, Tex.Sup., 242 S.W.2d 181, 27 A.L.R.2d 965; Coolidge v. Bruce, 249 Mass. 465, 144 N.E. 397; Joyce v. City of Chicago, 216 Ill. 466, 75 N.E. 184.

It is true that our Civil Service Law—cited supra—required the Civil Service Commission to grant the appellant a hearing, if he desired one. Section 16a of that Law directs that when members of the Civil Service Commission are sitting as a board of appeals for a suspended or aggrieved employee, " * * * they are to conduct such hearing fairly and impartially under the provisions of this law, and are to render a fair and just decision, considering only the evidence presented before them in such hearing."

■ In other words, the Commission is only to render its decision upon the evidence presented before it. Having so withheld his entire cause from the Commission that rendered the decision adversely to him, he cannot now again have his day in court by having this Appellate Court inject that right for him; indeed, that very question was decided adversely to him in Texas Liquor Control Board v. Floyd, Ft. Worth Ct. of Civil Appeals, 117 S.W.2d 530, no writ history.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

Chief Justice HAMBLEN not sitting.

Exhibit "A"

"Honorable Firemen's and Policemen's Civil Service Commission of Houston

L. D. Morrison
Chief of Police
June 20, 1951
Indefinite
Suspension of
Lt. P. L. Hynes
City Police Department
L. D. File #13,100

"In accordance with Section 16 of Article 1269–M of Vernon's Revised Civil Statutes of the State of Texas, I have this day indefinitely suspended P. L. Hynes, Lieutenant in the Houston Police Department, from the classified service of said Department, effective midnight, June 19, 1951.

"Lt. Hynes violated Sub-sections b, d, e, g, h, k, l, n and o of Section 2 of Rule XVI of the Civil Service Rules and Regulations for the Fire and Police Departments of the City of Houston, while on duty, which Sub-sections set out certain acts and conduct which constitute cause for removal or indefinite suspension from the service, and which sub-sections read, in so far as applicable, as follows:

(b) Has been guilty of an immoral and criminal act: * * *

(d) Has violated * * * the provisions of the Fireman's and Policemen's Civil Service Laws and the rules and regulations of the Civil Service Commission and the rules or special orders of the Fire and Police Departments;

(e) Has been guilty of acts which amount to * * * disgraceful conduct, whether such acts were committed while on duty or off duty;

(g) Has been guilty of drinking intoxicants while on duty * * *;

(h) Has been absent from duty without leave contrary to the rules of the Commission and has failed to report after leave of absence has expired * * *;

(k) Has been guilty of any conduct unbecoming to an officer or employee of the City of Houston;

(l) Has wilfully shown lack of good moral character;

(n) Has been guilty of neglect of duty;

(o) Has been guilty of conduct which was prejudicial to good order of the Police Department and the City of Houston;

Lt. Hynes violated these rules in the following particulars:

"On or about Sunday night, June 17, 1951, between 11 and 12 p. m. he made an engagement with Joyce Hargis, a former female prisoner of the City of Houston, whom he had secured to pay her fine for drunkenness, and secured from his immediate superior officer a temporary leave of absence from his post of duty under a false pretext, and that instead of accomplishing said false pretext he continued the engagement with said female person; and being then and there on duty drank intoxicants with said person; and in violation of the rules removed his uniform while on duty; and in violation of the law consumed intoxicants after legal hours and purchased intoxicants after legal hours and while still purporting to be on duty; and did engage with her in an act of improper conduct on a public road in violation of the laws of the State of Texas; to-wit on Post Oak Road about two miles south of Bellaire Boulevard; and did further violate the law by consuming intoxicants on a public highway.

"From the foregoing facts, I charge Lt. Hynes with violating the above rules and each of them.

"Lt. Hynes is informed by a copy of this letter, which I personally am handing to him, that he has ten (10) days after the receipt of said copy within which to apply to the Firemen's and Policemen's Civil Service Commission of the City of Houston.

Respectfully submitted,<br>/s/ L. D. MORRISON<br>L. D. Morrison