The CITY OF HOUSTON et al., Appellants,

v.

G. D. PEYTON, Appellee.

No. 3552.

Court of Civil Appeals of Texas.

Waco.

Sept. 18, 1958.

Rehearing Denied Oct. 6, 1958.

Richard Burks, Acting City Attorney, Homer T. Bouldin, Senior Asst. City Attorney, Houston, for appellants.

C. C. Divine, Houston, for appellee.

McDONALD, Chief Justice.

This case involves the validity of an order of indefinite suspension rendered by the Mayor of Houston, indefinitely suspending G. D. Peyton, Chief Humane Officer of the City of Houston, from the Classified Civil Service of the City of Houston. Peyton appealed to the Civil Service Commission of the City of Houston, which, after hearing, sustained the Mayor's order of indefinite suspension and permanently dismissed Peyton from the Classified Service of the City of Houston. Peyton filed motion for a rehearing before the Commission and such motion was denied. Peyton, as plaintiff, thereafter filed the instant case to set aside and hold for naught his dismissal as a Houston city employee. The City of Houston filed motion for summary judgment, alleging that there were no factual issues in dispute. Peyton filed an answer to the City of Houston's motion; and filed motion for summary judgment, alleging there were no factual issues and praying for the rendition of summary judgment for plaintiff. The Trial Court overruled defendant City of Houston's motion for summary judgment and granted plaintiff's motion for summary judgment (setting aside plaintiff's indefinite suspension and restoring him to duty).

A statement is necessary. On *20 August 1954* the Mayor of Houston by letter order indefinitely suspended plaintiff as Chief Humane Officer of the City of Houston for misconduct and inefficiency of duty in 1)

wrongfully inflicting a gunshot wound on one Welch; 2) running for Justice of the Peace of Montgomery County; 3) holding an outside job without reporting such to his department head. (The Mayor thereafter added a charge that Peyton had run for Justice of the Peace in Harris County.) Peyton, pursuant to the Civil Service, filed his answer and denials to the foregoing charges by the Mayor and in due course the matter came on for hearing before the Civil Service Commission of the City of Houston. An abundance of evidence was presented by both the City of Houston and Peyton pro and con on the Mayor's charges. The Civil Service Commission rendered a decision that *"the evidence was not sufficient for an indefinite suspension,"* and instead assessed a temporary suspension of six months.

Neither the City of Houston nor Peyton prosecuted any appeal in connection with the above. The six months suspension period terminated on *19 February 1955,* and Peyton went back to work at the Humane Office of the City of Houston. He worked for three days and on *21 February 1955* he was served with another letter order of indefinite suspension issued by the Mayor. The order stated that the dismissal was for *false swearing* and was predicated upon the fact that Peyton had made an affidavit to a Captain Burton of the Houston Police Department in connection with his previous dismissal, to the effect that at the time of inflicting the gunshot wound on Welch he was working an extra job at Casey's (the place where the shooting took place). Peyton thereafter swore at the first hearing on dismissal that he had come up to Casey's in response to a call from Casey; that he did not work for Casey; and had received no compensation from him. Peyton further testified that he was not under oath at the time of making the statement to Captain Burton, and had not sworn to such statement.

Plaintiff Peyton filed answer and denial to the foregoing and it came on regularly for hearing before the Civil Service Commission. At this hearing before the Civil Service Commission evidence was offered by both the City of Houston and by plaintiff Peyton. Captain Burton testified that he had sworn Peyton to the affidavit; that Peyton had read it before he signed it; the affidavit itself is in evidence and reflects on its face that Peyton swore to it. Peyton testified that Captain Burton had prepared the affidavit from mutual discussion and that while it was generally correct, it was incorrect as to his working for Casey and receiving compensation therefor. Peyton reiterated that he was not working for Casey at the time of the shooting and had received no compensation from Casey.

The Civil Service Commission entered an order on *18 May 1958* sustaining the Mayor's indefinite suspension of Peyton for false swearing and permanently dismissing him from the Classified Service of the City of Houston.

As noted, plaintiff filed the instant case to set aside the foregoing order. Both parties moved for summary judgment, and the Trial Court granted plaintiff's motion for summary judgment and restored plaintiff to his employment with the City of Houston.

Defendant City of Houston appeals, contending: 1) The Trial Court erred in overruling defendant's plea to the jurisdiction; 2) the Trial Court erred in granting summary judgment for plaintiff in that such judgment did not find that the decision of the Civil Service Commission dismissing Peyton was not supported by substantial evidence of probative force; 3) as a matter of law plaintiff was not entitled to judgment.

We revert to the City of Houston's 1st Point, viz.: The Trial Court erred in overruling defendant's plea to the jurisdiction.

Section 3, Art. Va of the Charter of the City of Houston provides:

"Removal of employees—Any employee may be suspended by the head of the department under which he is

employed, and thereupon his salary shall cease. The officer making the order of suspension shall forthwith file with the Civil Service Commission a statement of the suspension and his reasons therefor. Within ten days after such suspension the employee so suspended may, if he desires, file an appeal with the Civil Service Commission, who shall hold an inquiry within ten days thereafter, and said Commission shall make a decision within ten days after the hearing *whether the employee shall be permanently dismissed from the service of the City or reinstated in his employment.* All such hearings shall be public; *the decision of the Commission shall be final.*

"In order for an employee to file an appeal as hereinbefore provided it shall only be necessary for him to file a written statement showing in what department he was employed * * * In all hearings on appeal from the order of suspension by the Civil Service Commission, the judgment of the officer suspending the employee shall be presumed to be correct; the burden of disproving the charges made against the employee that resulted in his removal shall be upon the employee."

■ Defendant City of Houston made a motion in the Trial Court contending that since the foregoing section of the Charter of the city provided: *"The decision of the Commission shall be final"*, that the courts had no jurisdiction to hear an appeal from an adverse ruling of the Civil Service Commission. It is our view that the language employed refers to the decision of the matter as between the Mayor or department head and the Civil Service Commission. In any event, we think that the Trial Court had jurisdiction to review the matter.

In White v. Bolner, Tex.Civ.App., 223 S.W.2d 686, 688, W/E Ref., the court says:

"Regardless of whether the statute itself provides for an appeal to a court of justice such an appeal is allowed."

In Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666, our Supreme Court says:

"It is generally recognized that even without express statutory authorization the orders entered by an administrative body pursuant to legislative sanction are subject to judicial review. * * * An administrative agency, though vested with discretion in its acts, must not exercise its powers arbitrarily or capriciously and the reasonableness of its orders is, and under our system of government must be, subject to judicial review. * * * The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order. * * *"

■ Further to the foregoing, the Legislature enacted Article 1269m, which provides that the Civil Service System for other city employees shall be administered by the Firemen's and Policemen's Civil Service Commission. The Firemen's and Policemen's Civil Service Commission was the Commission whose order is complained of in the instant case. The City of Houston employed the terms of Article 1269m by their first decision wherein they assessed a six months suspension as a substitute for an indefinite one, and for authority for same they used Rule 13, Section 2 of Article 1269m. Plaintiff accepted the six months suspension. Article 1269m affirmatively provides for an appeal to the District Court from an adverse decision of the Civil Service Commission. The City of Houston has elected to stand on Article 1269m in some instances wherein they deemed such to their advantage. We believe that under the circumstances the City of Houston cannot be heard to assert lack of jurisdiction of the District Court to hear plaintiff's cause of action.

**156**

The City of Houston earnestly contends that City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, precludes an appeal to the District Court in this cause. For the reasons set forth supra, we believe the Hancock case is inapplicable in the case at bar.

From the foregoing it follows that the City of Houston's Point 1 is overruled.

■ The City of Houston's 2nd and 3rd contentions are to the effect that the Trial Court erred in granting plaintiff summary judgment, and that such judgment did not find that the decision of the Civil Service Commission was not supported by substantial evidence; and that as a matter of law plaintiff was not entitled to a summary judgment. As noted, the first indefinite suspension ordered by the Mayor was not upheld by the Civil Service Commission. Thereafter the Mayor again removed plaintiff and ordered his indefinite suspension on the ground that he had been guilty of false swearing. An abundance of evidence was introduced before the Commission pro and con on this point. A careful review of same leads us to the conclusion that there is substantial evidence to sustain the decision of the Civil Service Commission in upholding the indefinite suspension order of the Mayor. See Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, W/E Ref. NRE; Hynes v. City of Houston, Tex.Civ.App., 263 S.W.2d 839, W/E Ref. NRE; Fuller v. Mitchell, Tex.Civ. App., 269 S.W.2d 517, W/E Ref. NRE; City of Waco v. Akard, Tex.Civ.App., 252 S.W.2d 496, W/E Ref. NRE. It follows that the Trial Court erred in rendering summary judgment for plaintiff. From the foregoing, contentions 2 and 3 are sustained and the cause is reversed and remanded for further proceedings as may be appropriate. See Rogers v. Royalty Pooling Co., Tex., 302 S.W.2d 938.

Reversed and remanded.

HALE, J., not participating.