**CITY OF HOUSTON et al., Appellant,**

v.

**Paul DILLON, Appellee.**

**No. 17573.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 7, 1980.

Rehearing Denied March 13, 1980.

Robert M. Collie, Jr., Dennis C. Gardner, Marsha R. Kaufman, Houston, for appellants.

Allen C. Isbell, Rick Brass, Brill, Brooks, Gillis & Yount, B. Edward Williamson, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is a suit to set aside the indefinite suspension of appellee by the Chief of Police of the City of Houston. The suspension was upheld by the Civil Service Commission. The trial court granted appellee's motion for summary judgment, ordered his reinstatement, and denied appellants' motion for partial summary judgment.

The summary judgment order did not specify the grounds upon which it was entered, so appellants' assign as error each ground urged in support of the motion. Those grounds were:

1. The Civil Service Commission was barred from considering any acts of appellee which occurred more than six months prior to the date of suspension.

2. A prior adjudication of criminal acts was res judicata or estoppel by judgment to appellee's subsequent civil appeal from indefinite suspension involving the same fact issues.

3. The administration procedures followed by the City of Houston did not comply with the standards required by the Texas Administrative Procedure Act.

4. The procedure utilized by the Civil Service Commission in hearing appellee's appeal abridged his constitutional protection of due process. ·

Appellants' motion for partial summary judgment asked the trial court to find that the Letter of Indefinite Suspension filed by the Police Chief was legally sufficient under the Firemen's and Policemen's Civil Service Act, Tex.Rev.Civ.Stat.Ann. 1269m, sec. 16 (1963).

The factual basis of the suspension is summarized as follows:

On February 8, 1977, Daniel Webster was shot to death while under arrest by Houston police officers. Appellee, Paul Dillon, was a police sergeant who arrived at the scene of the shooting very shortly after it occurred and was allegedly made aware of the events which occurred prior to his arrival. The officers involved in the arrest and shooting made an official report which stated that Webster drew a gun and one of the officers (Mays) shot him in self-defense. Sergeant Dillon made an official sworn report on February 9, 1977, setting out essentially the same facts as contained in the

report of the officer who shot Webster. Based upon these reports, the case was closed by the Houston Police Department. In February of 1978, new evidence was presented to the police department and the case was reopened. On April 12, 1978, appellee was requested to make another sworn statement; he made one setting out the same factual allegations as contained in his February 9, 1977, statement. On April 28, 1978, the Police Chief issued a Letter of Indefinite Suspension which alleged that both statements were false and further that appellee was told by the officers at the scene that Webster did not have a gun; that a throw down gun had been placed at the scene of the shooting after conferring with appellee, the ranking officer present; further, that the appellee and the officers involved in the shooting were engaged in a continuing conspiracy to cover up the true facts.

The Firemen's and Policemen's Civil Service Act, Tex.Rev.Civ.Stat.Ann., Article 1269m, sec. 16 states in pertinent part:

> " . . . [N]o act or acts may be complained of by said department head which did not happen or occur within six (6) months preceding the date of suspension by the department head."

The Letter of Indefinite Suspension stated that the acts of February 8, 1977, were included both to "include a complete background for the commission and to demonstrate the continuing conspiracy."

■ Appellants contend that the Civil Service Commission was entitled to consider the acts of February 8, 1977, because of appellee's cover-up of the true facts and his alleged continuing conspiracy to conceal the true facts. They urge a legislative intent to except such continuing concealment from the "6 months" requirement. We find appellants argument persuasive and well reasoned but contrary to the plain language of the statute. This plea should be addressed to the legislature.

■ However, we do find that the acts of February 7, 1977, were properly considered by the Civil Service Commission. One of the acts upon which the indefinite suspen-

sion was based was appellee's alleged false statement of April 12, 1978. In order for the Civil Service Commission to determine if the statement was false, they had to consider the acts referred to in the statement, i. e. the acts of February 8, 1977. In fact, it would have been impossible for the Commission to rule on the truth or falsity of the statement without considering the acts referred to in the statement.

■ Appellee contends that his acquittal of Federal criminal charges arising out of the events of February 8, 1977, is res judicata or estoppel by judgment to his civil appeal from the indefinite suspension. We reject that contention. A prior adjudication of an issue in a criminal matter is not res judicata or estoppel by judgment to a subsequent civil action involving the same fact issues. *State v. Benavidez*, 365 S.W.2d 638, 640 (Tex.1963); *Simpson v. City of Houston*, 260 S.W.2d 94 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.)

■ We reject appellee's contention that he should have been granted a summary judgment on the basis that the procedures followed by the Civil Service Commission did not meet the test set out in the Texas Administrative Procedure Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1979). Appellee presented no summary judgment evidence that the Texas Administrative Procedure Act was not followed. Further, Section 1 of that Act states:

> "It is declared the public policy of the state to afford minimum standards of uniform practice and procedure for state agencies, . . . ."

> "State Agency" is defined in Section 3 as follows:

>> "(1) 'Agency' means any state board, commission, department, or officer having statewide jurisdiction . . . ."

The City of Houston Civil Service Commission is not an "agency" as defined by the Act and the provisions of the Act have no application to this case.

■ At the time of the Civil Service Commission appeal, appellee was under investigation by the United States Attorney's

office and expected to be indicted as a result of the events set out in the Letter of Indefinite Suspension. He had been on the Houston police force for fourteen years, during which time he had contributed to the Policemen's Pension Fund. Upon indefinite suspension, he lost all contributions made to the fund. He contends that he was denied his constitutional protection of due process by having to appear at the Civil Service Commission to protect his interest in the Pension Fund because to do so would disclose his defense to the expected criminal charges. The appellee was advised by his superiors that if he did not testify before the commission his suspension would be upheld. In *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the U.S. Supreme Court had before it the question of a former police officer's due process protection of his property right in his employment. The Court held that the sufficiency of such claim must be decided by reference to state law. In the case of *Simpson v. City of Houston, supra*, the Texas court held:

> "The statutory right conferred by Art. 1269m, V.A.T.S., practically guaranteed a tenure of employment for them during good behavior, but such rights are not vested rights. So, where a policeman is dismissed from his employment for statutory cause and his dismissal is sustained by the commission under the application of the substantial evidence rule, his constitutional rights are not included." (at p. 97)

We find no summary judgment evidence that the Civil Service Commission did not comply with the provisions of Article 1269m. Thus, appellee did not show that he was denied his constitutional protection of due process.

■ For the reasons discussed under appellants' first point, we find that the Letter of Indefinite Suspension filed by the Chief of Police was sufficient predicate upon which the Civil Service Commission could sustain the indefinite suspension. Therefore, appellants' motion for partial summary judgment should have been sustained.

That portion of the judgment of the trial court overruling appellant's motion for partial summary judgment is reversed and rendered; the portion of the judgment granting appellee's motion for summary judgment is reversed and remanded.