**Armando PAZ, Plaintiff,**

v.

**CITY OF HOUSTON, TEXAS, a Municipality, Defendant.**

**Civ. A. No. H–83–5577.**

United States District Court, S.D. Texas, Houston Division.

Oct. 12, 1990.

David Lopez, Houston, Tex., for plaintiff.

Marcus L. Dobbs, City Atty., Houston, Tex., for defendant.

## MEMORANDUM AND OPINION

RAINEY, District Judge.

This case comes before the Court some seven years after its initial filing on the Defendant's Motion for Summary Judgment. The Plaintiff alleges that his First and Fourteenth Amendment rights, guaranteed by the United States Constitution, have been violated. The Plaintiff contends that he was racially discriminated against and that the Defendant, the City of Houston, Texas (City), implemented a policy of giving credence to unjustified and false reports. The factual and procedural history that underlies this Motion for Summary Judgment is sufficiently complex to require a significant statement of the factual background prior to the Court's ruling.

### I.

### Factual and Procedural Background

On September 28, 1981 the City of Houston, acting through its police department, specifically the Chief of Police, Mr. B. K. Johnson, entered a Letter of Indefinite Suspension against Officer Armando Paz (Officer Paz), the Plaintiff in this action. The letter of indefinite suspension was appealed to the City of Houston Civil Service Commission (Commission) as provided by Texas Civil Statute Article 1269m Sections 16 and 18. On October 23, 1981 the Civil Service Commission conducted the hearing which is required by statute. The hearing resulted in the Commission's affirming the indefinite suspension of Officer Paz.

The Commission's decision was then appealed to the District Court, 151st Judicial District, for Harris County, Texas, on October 30, 1981. Nearly two years after the filing of the state court litigation Officer Paz filed this action in federal court on September 21, 1983. On October 31, 1983, over the strenuous objections of the Plaintiff, Judge Robert O'Connor entered an order to stay this action pending the final resolution of the state court claim that was also being litigated.

On February 8, 1989, the District Court, 151st Judicial District, for Harris County, Texas, entered Final Judgment against Officer Paz and confirmed his firing. On April 18, 1989, Judge Lynn Hughes, dissolved the stay by Order of this Court, allowing the federal claim to proceed. The Defendant on August 15, 1989, filed a Motion for Leave to Amend the Pleadings. On February 7, 1990, Judge Melinda Harmon granted the Defendant's Motion for Leave to Amend the Pleadings. Based on the amended pleadings the Defendant timely filed a Motion for Summary Judgment on May 10, 1990. Having considered the facts and the relevant legal authorities discussed below, the Court holds that Summary Judgment on behalf of the City of Houston is proper.

### II.

### Contentions of the Parties

The Defendant has moved for Summary Judgment on two grounds. First, the Defendant claims that collateral estoppel precludes the Plaintiff from relitigating issues which have already been decided adversely to the Plaintiff in state court. Second, the Defendant asserts that the doctrine of res judicata forecloses the reexamination of any issue which could have been raised in the state court proceeding by the exercise of due diligence on the part of the Plaintiff.

The Plaintiff asserts that Summary Judgment should not be granted for three reasons. First, the Plaintiff contends that the state court was precluded from hearing or deciding Officer Paz's federal claims by the evidentiary limitations imposed by Tex. Rev.Civ.Stat.Ann.ART. 1269m § 16 (Vernon 1985). Second, the Plaintiff asserts that the definition of "trial de novo" established under Tex.Rev.Civ.Stat.Ann.ART. 1269m § 18 (Vernon 1985), commonly referred to as the "substantial evidence rule", also precludes presenting Officer Paz's federal claims to the state court. Finally, the Plaintiff argues that res judicata cannot preclude relitigation of Officer Paz's federal claims because "they were not presented, nor determined in [the] state proceedings, nor could they be." (Docket Item #26, page 4). This last argument includes an assertion that the Plaintiff has

reserved his federal claims for resolution in the federal forum.

## III.

### Limits of State Court Proceedings.

■ The Court finds the Plaintiff's interpretation of Tex.Rev.Civ.Stat.Ann.ART. 1269m § 16 (Vernon 1985), to be erroneous. Although the relevant language in the statute does prevent the City from presenting any evidence of conduct not clearly stated in the Letter of Indefinite Suspension, no such limitation is placed on Officer Paz. Furthermore, there is no language that could possibly be construed as preventing Officer Paz from presenting any defense which might be relevant against the actions taken by the City.

■ Officer Paz's second contention, that the "substantial evidence rule" precludes consideration of his federal claims, is also not persuasive. The Plaintiff cites *Hynes v. City of Houston*, 263 S.W.2d 839 (Tex.Civ.App.—Galveston 1953, *writ ref. n.r.e.*) for the proposition that the state court could only hear evidence which had been submitted to the Commission. However, the same court which decided the *Hynes* case in 1953 reversed itself in 1958 and held the following:

> "In *Hynes v. City of Houston*, Tex.Civ. App., 263 S.W.2d 839, ref. n.r.e., this Court, erroneously, held that Hynes, who had been discharged as a city policeman and who had introduced no evidence before the Commission, could not introduce additional evidence in the trial court. .... [T]his is not a correct statement of the law." *Kavanagh v. Holcombe*, 312 S.W.2d 399, 405 (Tex.Civ.App.1958).

Clearly the Texas State Courts are allowed to hear evidence which was not submitted to the Commission.

■ The state courts are also allowed to address the Constitutional claims presented by discharged police officers. In *Simpson v. City of Houston*, 260 S.W.2d 94, 97 (Tex.Civ.App.1953), a police officer sued the city seeking reinstatement and back pay and alleging that his property had been taken in violation of the Fourteenth Amendment. The *Simpson* court did not hold that the state court was precluded from hearing the Constitutional claim, the court instead addressed the federal claim on the merits.

## IV.

### Decision.

Summary Judgment is appropriate in this case on three independent bases and is hereby granted on each basis individually.

■ First, when the Defendant has clearly provided a substantial basis for the entry of summary judgment, the burden of providing evidence that would prevent the entry of summary judgment rests squarely on the Plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Officer Paz has failed to provide any evidence or to direct this Court's attention to the existence of any evidence that would create any possible factual dispute as to the defendant's right to summary judgment in this matter.

■ Second, under 28 U.S.C. § 1738 the federal courts are required to give conclusive effect to a state court's judgment whenever the courts of the state from which the judgment emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

Third, although this is a case the plaintiff would like to paint as a classic example of having preserved federal jurisdiction to decide the federal claim under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), Officer Paz has not met either of the dispositive requirements of *England*.

### A. *Standard for Summary Judgment*

■ Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988). The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact. *See International Ass'n of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir.1987). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *Id.*

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See Celotex*, 106 S.Ct. at 2552–53. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Serv.*, 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir.1987).

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson*, 106 S.Ct. at 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir.1987).

Under *Celotex* and its progeny the Plaintiff faced with a motion for summary judgment must provide the court with evidence that a material factual issue remains in dispute for trial. Officer Paz has not provided the court with one affidavit or even a conclusory statement showing that any evidence, remains to be presented, or could have been presented, to this Court that has not already been fully explored and documented on the record in the state court proceeding.

In the transcript of the state court proceeding held on January 29, 1988, and attached as Exhibit "C" to Docket Item # 31 in this Court's records, counsel for Officer Paz attempts to elicit testimony as to possible, personal biases or prejudices against Officer Paz allegedly held by Officers Fernando Marin and Stephen J. Miers. At Page 17 of the transcript the state court specifically overrules an objection to this line of questioning and allows Plaintiff's counsel to attempt to develop evidence of bias or prejudice. (See Lines 16–23, Page 17).

However, none of the evidence elicited indicates any tendency for bias or prejudice to have been the motive behind the complaints filed against Officer Paz. Furthermore, the Plaintiff has not provided this Court with any evidence of bias or discrimination which could be presented to this

Court that was not already presented to the state court. As a matter of law, the evidence presented to the state court is insufficient to support any finding of discriminatory conduct on the part of the City.

█ Under the *Celotex* standard it is the responsibility of the non-moving party to provide the court with the factual basis for why summary judgment should not be granted. The nonmoving party can defeat Summary Judgment "only if" there is evidence presented to the court that would reasonably afford an inference to sustain its position. *Professional MGRS. v. Fawer*, 799 F.2d 218, 223 (5th Cir.1986). Because Officer Paz has failed to provide this Court with any evidence that would tend to show an issue of material fact, or the existence of discriminatory conduct on the part of the City, Summary Judgment is proper.

## B. *Res Judicata*

█ At first blush, the Plaintiff's argument against the Defendant's assertion of res judicata in this case appears to create a significant constitutional conflict. Two important and constitutionally protected rights appear to be in direct conflict. The Plaintiff's right to have his 1st and 14th amendment rights protected by and litigated before a federal court comes into direct conflict with the state's right to have full faith and credit granted to the judgments of its tribunals. However, this court is not required to reach that pristine legal question. Under the circumstances presented in this case, res judicata and the principles of finality must clearly take precedence because Officer Paz has failed to preserve his right to return to the federal forum.

█ The effect of a prior state court decision on the federal court's ability to relitigate the same issue is not a matter left to the court's discretion. The legal premises of res judicata have long been clearly established. The fundamental principle of what is today 28 U.S.C. § 1738 was originally enacted by the United States Congress in 1790. That Act codifies the full faith and credit guarantee of the United States Constitution as it applies to the final judgments of state courts.

In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the United States Supreme Court held, "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and *commands* a federal court to accept the rules chosen by the state from which the judgment is taken." *Id.* at 482, 102 S.Ct. at 1898. (Emphasis added). Furthermore, in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Court stated "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so." *Id.* at 96, 101 S.Ct. at 415.

█ Under Texas law the doctrine of res judicata is a broader concept than that of collateral estoppel. The Fifth Circuit in *Flores v. Edinburg Consolidated Independent School District*, 741 F.2d 773 (1984), held that res judicata precludes any claim which might have been brought with "due diligence" in the original proceeding. *Id.* at 776. In both *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973), and *Ogletree v. Crates*, 363 S.W.2d 431 (Tex. 1963), the Texas Supreme Court held that res judicata bars recovery on any ground which might have lead to recovery or have been a *defense* to the cause of action asserted in the original case that had gone to judgment.

In the case at bar, evidence of racial discrimination or any other intentional violation of Officer Paz' constitutional rights would have been a defense to the City's attempt to terminate Officer Paz. Because the defense was not raised at the state court proceeding, any attempt to now relitigate any possible discrimination allegations related to Officer Paz's discharge is barred by the doctrine of res judicata in the State of Texas.

Therefore, summary judgment is proper on the grounds of res judicata because under *Kremer* this Court is without the

authority to interpret the scope or the effect of the judgment of the Texas Court any differently than it would be interpreted in another Texas tribunal.

## C. The Right to a Federal Forum

The right to a federal forum for the litigation of federally protected rights under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), is a well established principle of federal law. However, the right is not without limitations. In *England*, the Court placed two restrictions on the scope of the right to come back to federal court after an adverse state court decision on the merits of a case. The Plaintiff is required to meet both of the limitations of *England* in order to be allowed to return to the federal forum.

The first restriction is that the Plaintiff must not have waived the right to return to federal court by voluntarily submitting his federal claim to the state court. The second restriction is that if it is the intent of the Plaintiff to return to federal court should there be an adverse decision by the state court as to his state law claim, the Plaintiff must, at the very least, put the state court on notice that there are federally protected interests that may impact the state court's ultimate determination of the Plaintiff's rights. Officer Paz has failed to meet either of these requirements.

Although this Court will proceed to address the Officer Paz's claim under the *England* standard, it should be clearly pointed out that this is not the typical posture for *England* cases. This case was not first filed in federal court and then the doctrine of abstention invoked until the state claim was decided. The state action had been filed for nearly two years prior to the filing of this federal cause of action.

First, this Court finds that Officer Paz' federal claims were voluntarily litigated before the state court. That the state court's ruling that the Commission's decision was without taint of illegality constitutes a final judgment on the matter of any possible bias or prejudice clearly placed at issue by the evidence that was admitted. The clear ruling of the state court to allow the plaintiff to develop evidence of possible bias or discriminatory conduct shows that the information was considered relevant by the state court to its final decision in this case.

Second, the *England* Court went out of its way to clarify how its original decision in *Government and Civic Employees Organizing Committee, C.I.O. v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957), should be construed. In *England* the Court stated that *Windsor* does not mean "a party must litigate his federal claims in the state courts, but only that he *must* inform those courts what his federal claims are, so that the state statute may be construed 'in light of' those claims." *Id.* 375 U.S. at 420, 84 S.Ct. at 467. (Emphasis added).

This Court has completely reviewed the transcripts of the state court proceedings and finds that the state court was never put on notice of the possibility that some potential federal right might conflict with its decision of the state law claim. The failure of Officer Paz to put the state court on notice so that it could interpret the state law in the light of the possible federal claims clearly places this case within the rubric of the *Windsor* decision and outside the *England* exceptions. Here as in the *Windsor* case, Officer Paz's failure to put the state court on notice of his potential federal claims precludes this Court from relitigating the findings of the state court.

Because Officer Paz has not met either of the limitations of the *England* doctrine he can not return to the federal forum and now ask this Court to reexamine the state courts decision. Therefore, Summary Judgment for the City of Houston is proper.

One matter still needs to be clarified. This Court reads *England* as creating an exception to the effects of res judicata in certain cases. However, it should be noted that there does not appear to be a single instance where the exception has been applied when the state court proceeding was commenced before the federal forum was

requested by Plaintiff. Because this Court has held that Officer Paz has failed to meet the requirements for invoking the *England* exception it is not necessary to reach the question of whether *England* can be applied in this procedural posture. Likewise this Court's ruling on the City's res judicata argument makes discussion of the possible effects of collateral estoppel unnecessary.

## V.

## Order

For the reasons stated above, it is hereby, ORDERED, ADJUDGED and DECREED that Summary Judgment is hereby granted for the Defendant.