843 S.W.2d 186 (1992)
CITY OF CARROLLTON CIVIL SEVICE COMMISSION; the City of Carrollton; and Vernon Campbell, Chief of Police, Appellants,
v.
Scott Steven PETERS, Appellee.
No. 05-91-01941-CV.
Court of Appeals of Texas, Dallas.
November 13, 1992.
Rehearing Denied December 29, 1992.
*187 James R. Jordan, Riddle & Brown, Dallas, Karen Brophy, City Atty., Carrollton, for appellants.
Kenny R. Kirby, Texas Conference of Police & Sheriffs, Dallas, for appellee.
Before BAKER, KAPLAN and ROSENBERG, JJ.

OPINION
BAKER, Justice.
In this administrative law case, the trial court set aside the Carrollton Civil Service Commission's decision to uphold the indefinite suspension of police officer Scott Steven Peters. The Commission contends that the trial court erred in concluding there was a conflict between the police regulation and the city administrative directive. We agree with the Commission that the trial court erred in finding a conflict between the police regulation and the city administrative directive. We reverse and render judgment for the appellants.

APPLICABLE REGULATIONS The two regulations at the center of this controversy are the Police Department Administrative Directive 3.01 and the City Administrative Directive 1.3.10. The Police Department Administrative Directive states:
3.01 NEPOTISM EFFECTIVE DATE: 4/25/83
 ATEST REVISION: 3/01/87
 In order to eliminate conduct prejudicial to good order, the Police Department
 will not employ those persons who are related, through the third degree of
 consanguinity or the second degree of affinity. Persons who are so related
 and are now employed may not be directly or indirectly supervised by one
 another.
 AFFECTS: All Personnel and Prospective Employees
3.01.001 GENERAL DEFINITIONS
 A. Consanguinityrelated by blood or descended from the same ancestor
 B. Affinityrelated by marriage
3.01.002 ADMINISTRATIVE RESPONSIBILITIES
 It is the responsibility of the Personnel Section to determine if any employee
 or prospective employee is affected by this policy.
3.01.003 DEGREES OF RELATIONSHIP
 A. Persons related through the third degree of consanguinity (blood) include:
 1. FIRST DEGREEfather, mother, sister, son, daughter, brother
 B. Persons related through the second degree of affinity (marriage) include:
 1. FIRST DEGREEhusband, wife, son-in-law, daughter-in-law, brother-in-law,
 sister-in-law, mother-in-law, father-in-law, step-mother,
 step-father, step-son, step-daughter, step-sister, step-brother
 2. SECOND DEGREEspouse's uncle, aunt, niece, nephew, grandparent,
 grandchild, first cousin
*188
3.01.004 PROCEDURES
 A. If an employee of the Police Department marries another employee of
 the Department, the following procedures will apply:
 1. One of the employees must terminate employment with the Police
 Department.
 2. The terminating employee may apply through the City Personnel
 Office for placement in a comparable position within another city
 department.
 3. Placement will be made at the discretion of the City Personnel
 Director, if a position is open and the applicant meets required
 qualifications.
3.01.005 SPECIAL CONSIDERATIONS
 A. School crossing Guard positions may be excluded from this policy upon
 the approval of the Chief of Police.
 B. Reserve Officer positions may be excluded from this policy upon the
 approval of the Chief of Police.
 City Administrative Directive 1.3.10 states:
 An employee will not be supervised by a family member.
 definition: family means spouse, parent, parent-in-law, child, step-child,
 brother, brother-in-law, sister, sister-in-law, grandparent,
 grandchild, aunt, uncle, niece, nephew, first cousin or related
 to the 2nd degree of affinity and 3rd degree of consanguinity,
 (emphasis added)

APPLICABLE FACTS
Scott Peters and Marta Falk worked for the Carrollton Police Department. Falk began working for the department on February 27, 1984. Peters began working for the police department on June 16, 1986. Peters and Falk married on March 3, 1990. After their marriage, Peters did not terminate his employment with the police department.
The Carrollton Chief of Police indefinitely suspended Peters for violating Section 3.01. The Commission considered Peters's appeal and upheld Peters's indefinite suspension. Peters appealed to the district court. The district court set aside the Commission's decision. The court awarded Peters $29,956.50 in back pay, sick time, and vacation leave.

STANDARD OF REVIEW
Ordinarily, the standard of review on the appeal of the trial court's action on an administrative order is the substantial evidence rule. See Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116-117 (Tex.1988); Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer, 662 S.W.2d 953, 955 (Tex.1984). However, at oral argument, counsel for the parties conceded there was substantial evidence in the record to support the commission's decision.
The sole question on appeal is the interpretation of the two directives and whether they conflict. It is a question of law. The substantial evidence rule is not the proper standard of review for a question of law. See Sonic Drive-in v. Hernandez, 797 S.W.2d 254, 255 (Tex.App. Corpus Christi 1990, writ denied). The proper standard of review for a question of law is abuse of authority. Sonic Drive-in, 797 S.W.2d at 255.
A trial court abuses its authority if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). When reviewing factual findings, we may not substitute our judgment *189 for that of the trial court. Johnson v. Court of Appeals, 700 S.W.2d 916, 918 (Tex.1985) (orig. proceeding). Review of a determination of legal principles is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. A failure by the trial court to analyze or apply the law correctly is an abuse of authority and will result in appellate reversal. Walker, 827 S.W.2d at 839-40.
Neither a district court nor an appellate court is bound by an administrative agency's construction of one of its statutes. However, the court should give weight to the interpretation of a regulation by the agency charged with its enforcement. Sonic Drive-in, 797 S.W.2d at 255. Courts tend to adopt the construction placed upon municipal ordinances by those authorized to administer them. Heard v. City of Dallas, 456 S.W.2d 440, 443 (Tex.Civ.App. Austin 1970, writ ref'd n.r.e.). When the basis for complaint is the agency's interpretation of its own regulations, the court should not disturb the agency's determination without a clear showing of abuse of authority. Dallas Transit Sys. v. Mann, 750 S.W.2d 287 (Tex.App.Dallas 1988, no writ).

APPLICATION OF THE LAW TO THE FACTS
Peters and Falk married on March 3, 1990. The record also shows that the Police Chief indefinitely suspended Peters on April 10, 1990. This action was taken under Police Department Directive 3.01. The Commission upheld the Chief's decision on April 30, 1990.
Peters contends that the nepotism policy to apply in this case is the City's nepotism policy, Administrative Directive 1.3.10. This directive implicitly allows employees to marry persons also employed by the City but prohibits married employees from supervising their spouses. Peters contends the Police Directive prohibits any employee of the police department from marrying another employee of the police department. Peters contends the two directives conflict. Peters argues that because the directives conflict, Administrative Directive 0.1.06 requires that Administrative Directive 1.3.10 supersede Police Directive 3.01.
We first compare the directives. Police Directive 3.01 provides that if a department employee marries another department employee, certain procedures apply. This directive provides that married persons employed at the time of the effective date of the directive may not be directly or indirectly supervised by one another. Administrative Directive 1.3.10 states that a family member will not supervise another family member who is an employee. In our view, members of the Carrollton Police Department may marry each other and employees of other city departments also may marry each other. We find neither directive prevents marriage.
Each directive prohibits supervision by a family member. The Police Directive contains an additional prohibition. If Police Department personnel marry each other, one of the spouses must terminate with the police department. The terminating employee may apply for placement in a comparable position within another city department. The fact that the Police Directive has an additional procedure involving married personnel does not make it conflict with the City Directive. Additionally, we find no prohibition against a department implementing directives and procedures applicable within its department.
The trial court found that the two directives conflicted and that the Administrative Directive prevailed. The trial court set aside the Commission's decision upholding Peter's indefinite suspension. We find the record supports the Commission's interpretation and application of the directives. Without a clear showing of abuse of authority, the trial court should not have disturbed the agency's finding. See Dallas Transit Sys., 750 S.W.2d at 291.

CONCLUSION
We find no conflict between the Police Department Directive 3.01 and City Administrative Directive 1.3.10. We find the trial court abused its authority in its application *190 of the law of to the facts. We sustain the Commission's second point of error.
Our decision to sustain the second point of error is dispositive of the appeal. The parties waived point of error one. We need not consider the Commission's points of error three and four.
We reverse the trial court's judgment. We render judgment for appellants.