Sharla TURNER, Appellant,

v.

CITY OF CARROLLTON CIVIL SERVICE COMMISSION, City of Carrollton, Vernon Campbell, Chief of Police, Appellees.

No. 07–93–0190–CV.

Court of Appeals of Texas, Amarillo.

Sept. 20, 1994.

891

Kenny R. Kirby, Texas Conference of Police and Sheriffs, Dallas, for appellant.

Robert E. Hager and Katherine G. Rose, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In one point of error, appellant Sharla Posey Turner contends the trial court erred in rendering summary judgment in favor of appellees, the City of Carrollton Civil Service Commission (the Commission), City of Carrollton (the City), and Vernon Campbell, the Chief of Police for the City of Carrollton. In its judgment, the trial court affirmed appellant's dismissal from the Carrollton Police Department and denied her claims against appellees. For the reasons stated herein, we affirm the judgment.

## HISTORY OF THE CASE

Appellant, a police officer formerly employed by the Carrollton Police Department, brought suit against appellees to set aside the Commission's decision upholding her indefinite suspension from the police department. She also sought recovery against the City and Vernon Campbell (Chief Campbell) for wrongful discharge, as well as for the violation of her rights to due process and equal protection.

On June 16, 1986, Bryan Turner (Turner), appellant's present husband, began working for the City as a police officer. Appellant began working for the City as a police officer on August 29, 1986. At the time each was hired, the police department's written regulations prohibited the employment of spouses.[1] However, the City's written administrative directive regarding nepotism only prohibited members of a defined class of relatives (including spouses) from supervising one another. The City's policies also provided that they would take precedence over any conflicting regulation or policy of one of the City's departments.

In an unrelated case, *Peters v. City of Carrollton Civil Service Commission,* a state trial court found that the policies of the City and the police department were in conflict and that the City's administrative directive superseded the police department's regulation. In response to that finding, while the case was on appeal but prior to the appellate court's ruling, the City modified its nepotism policy so that the police department's regulation would not be in conflict with the City's directive. That modification was adopted on September 18, 1991 and was distributed the following day. Aware of both the police department's regulation and the City's original directive but believing, based in part on the trial court's construction of the policies, that the regulation and directive were in conflict,

appellant and Turner were ceremonially married on September 19, 1991.

The police department subsequently learned of appellant and Turner's marriage. On September 23, 1991, appellant met with Lieutenant James Grayson concerning the marriage and the department's policy on nepotism. On October 17, 1991, appellant met with Chief Campbell and was given an opportunity to respond to the recommendation that her employment be terminated. On November 4, 1991, Chief Campbell indefinitely suspended appellant based on her violation of the department's nepotism policy.[2]

Appellant appealed Campbell's action to the Commission. At a hearing held by the Commission on January 16, 1992, both appellant and the City were represented by counsel, called their own witnesses and cross-examined the other side's witnesses. On January 31, 1992, the Commission issued its order upholding Chief Campbell's decision to suspend appellant indefinitely. Appellant brought suit on February 7, 1992, pursuant to section 143.015 of the Local Government Code.[3] After answering, appellees filed a motion for summary judgment in which they urged that the Commission's ruling was supported by substantial evidence, appellant was afforded due process, appellant was not "treated unequally," that the policies of the City and the police department were constitutional and that the City was entitled to recover attorney's fees. On July 17, 1992, after a hearing on the motion, the trial court rendered the summary judgment giving rise to this appeal. On November 13, 1992, the Dallas Court of Appeals issued its opinion in the *Peters* case declaring that the nepotism policies of the City and the police department were not in conflict and that the department's policy was valid. *City of Carrollton Civil Service Com'n v. Peters,* 843 S.W.2d 186 (Tex.App.—Dallas · 1992, writ denied).

---

1. The substantive portion of the Department's policy provides:

   In order to eliminate conduct prejudicial to good order, the police department will not employ those persons who are related, through the third degree of consanguinity or the second degree of affinity. Persons who are so related and are now employed may not be directly or indirectly supervised by one another.

2. Appellant's employment was terminated rather than that of Bryan Turner based on his seniority with the Department.

3. Tex.Loc. Gov't Code Ann. § 143.015 (Vernon 1988).

Appellant now presents one point asserting that the trial court erred in granting appellees' motion for summary judgment.

■ It is now axiomatic that in order for a defendant to be entitled to summary judgment, he must disprove, as a matter of law, at least one of the essential elements of each of the plaintiffs' causes of action, *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991), or must establish one or more of its defenses as a matter of law, *Bryant v. Gulf Oil Corp.*, 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). It is also clear that our review must be conducted in accordance with the standards articulated in *Nixon v. Mr. Property Management Company*, 690 S.W.2d 546 (Tex.1985). Those standards are:

1. The movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true;

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Id.* at 549.

Additionally, we must note and apply the review standards applicable to an administrative agency's decision. Judicial review of the decisions of a civil service commission's decision is authorized by section 143.015 of the Local Government Code. Although that section provides that review of the commission's decision is by trial de novo, this term has been interpreted to mean review under the "substantial evidence rule." *Firemen's and Policemen's Civil Service Com'n v. Brinkmeyer*, 662 S.W.2d 953, 955 (Tex.1984); *City of Houston v. Anderson*, 841 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ The principles of substantial evidence review are well settled. In applying those principles, the trial court plays a dual role. On the one hand, the court must hear and consider evidence to determine whether reasonable support for the administrative order exists. On the other hand, the agency itself is the primary fact finding body while the question to be determined by the trial court is strictly one of law. *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183 (1951).

■ Thus, although the trial court is a fact finder, to a certain extent, it may not substitute its judgment for that of the agency on controverted issues of fact. When there is substantial evidence to support the agency's affirmative or negative findings, the administrative order must stand, notwithstanding that the agency may have struck a balance with which the trial court might differ. *Brinkmeyer*, 662 S.W.2d at 956. The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because the testimony did not compel the result reached by the agency. This is so because the resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. Thus, the reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Id.*

■ Under this hybrid standard of review, the trial court considers only the evidence presented to determine whether the agency's decision is free from illegality and is supported by substantial evidence. *Brinkmeyer*, 662 S.W.2d at 955–56. *See also Nuernberg v. Texas Employment Com'n*, 858 S.W.2d 364, 365 (Tex.1993); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986). In making its determination, the trial court may not consider the administrative record of the agency, rather, the court may look only to the evidence the parties present to the court pursuant to the Texas Rules of Civil Evidence. *Nuernberg*, 858 S.W.2d at 365; *Mercer*, 701 S.W.2d at 831; *Levelland Independent School Dist. v. Contreras*, 865 S.W.2d 474, 476 (Tex.App.—Amarillo 1993, writ denied).

■ Because of the interdependence of appellant's theories of recovery, we initially address appellees' claim that appellant waived her constitutional challenge to the police department's policy as well as her action for

discrimination as she failed to present these claims during the Commission's administrative hearing. We do not agree with that contention.

Rule 51(a) of the Texas Rules of Civil Procedure permits an individual to join as many claims as he may have against an opposing party. Although this rule is permissive, the individual is prohibited by principles of res judicata from subsequently litigating, in a second suit, any related claims he failed to join in a prior suit. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.*, 837 S.W.2d 627, 629 (Tex.1992). For the doctrine of res judicata or "claim preclusion" to apply there must be an existing final judgment by a court of competent jurisdiction. *Public Utility Com'n of Texas v. Coalition of Cities for Affordable Utility Rates*, 776 S.W.2d 224, 226 (Tex.App.—Austin 1989, no writ). Res judicata has also been applied to prevent the relitigation of claims previously determined by an agency. *Al–Jazrawi v. Texas Bd. of Land Surveying*, 719 S.W.2d 670, 671 (Tex.App.—Austin 1986, writ ref'd n.r.e.). After a party has pursued all necessary administrative remedies before seeking to overturn an agency ruling through litigation, that party may join in the suit any other claims that could not have been brought in the proceedings before the administrative agency. Indeed, at least one court has held that the failure to include such claims in an action to set aside a civil service commission's order bars their presentation in another suit. *Paz v. City of Houston*, 748 F.Supp. 480, 486 (S.D.Tex.1990) (applying Texas law of res judicata). Thus, we hold that appellant was entitled to raise her constitutional claims in her suit seeking to set aside the Commission's ruling.

We first address appellant's argument that appellees failed to show that the Commission's order was not free of illegality or supported by substantial evidence.[4] In support of its motion for summary judgment, appellees presented the affidavit of Dan Johnson, the director of the Commission.

Johnson's affidavit certifies that copies of the Commission's records, including a transcript of the hearing, exhibits, the Commission's findings of fact, and order, which are attached to the affidavit, are true and correct. Again, as we noted above, a trial court may not simply rely upon the administrative record in reviewing a commission's ruling. *Nuernberg*, 858 S.W.2d at 365; *Cruz v. City of San Antonio*, 424 S.W.2d 45 (Tex.Civ. App.—San Antonio 1968, no writ). Although appellant failed to object to the introduction of the administrative record as summary judgment evidence, we need only consider the parties' stipulation of facts, the police department's written policy, and the Commission's order for proper disposition of this appeal.

The parties' stipulation of facts included statements to the effect that appellant and Turner were employed as officers of the Carrollton Police Department, they participated in a formal marriage ceremony on September 19, 1991, the rules of the Commission authorized the discharge of an officer for a violation of the rules and regulations of the police department or the City, appellant had been given a copy of the department's policy on nepotism, appellant met with Chief Campbell before her discharge to discuss the violation of the department's nepotism policy, and appellant was discharged on November 4, 1991. These stipulated facts, together with the police department's policy prohibiting the department's employment of spouses, are sufficient to show that the Commission's order was supported by substantial evidence.

Appellant contends that a material question of fact exists as to the question of whether she had notice of the City's modified nepotism policy before her marriage. This question has been rendered moot by the Dallas Court of Appeals decision in *Peters*. In its decision, the court held that there was no conflict between the City's administrative directive on nepotism and the police department's nepotism regulation. *Peters*, 843 S.W.2d at 189. The result of this holding,

---

4. Appellees incorrectly attempt to place upon appellant the burden of showing that the Commission's order was not supported by substantial evidence. Although appellant would bear that burden at a trial on the merits, it is the appellees' burden, as movants for summary judgment, to show the Commission's order was supported by substantial evidence.

with which we agree, is that the department's policy, which was never modified,[5] was valid without regard to the City's modification of its policy. Therefore, appellant's knowledge that the City had modified its policy is not material to the enforceability of the department's policy.

■ Appellant next contends that a material question of fact exists as to the City's knowledge of appellant's status as Turner's common law spouse. Appellant fails to explain why this question is material to the enforceability of the police department's policy. However, even assuming the question was material, appellant offered no summary judgment evidence in opposition to the affidavits of Chief Campbell and Monty Stanley which averred that the department was unaware of any common law marriage between appellant and Turner. Our review of the submitted record convinces us that the trial court, presented with uncontradicted summary judgment evidence, did not err in rendering the judgment giving rise to this appeal.

■ Appellant's brief fails to address the trial court's disposition of the remaining theories raised in her petition. The failure to present any argument or authority on these theories constitutes a waiver. Tex.R.App.P. 74(f); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 204 (Tex.App.—Dallas 1993, no writ); *Board of County Com'rs of County of Beaver Okl. v. Amarillo Hosp. Dist.*, 835 S.W.2d 115, 122–23 (Tex.App.—Amarillo 1992, no writ). However, in the interest of justice we will briefly address these theories.

■ In her petition, appellant asserts that appellees deprived her of her "property interest and due process," however, the parties' stipulation of facts show that appellant was afforded due process. The pretermination notice of the charges against her and her opportunity to respond, combined with a formal post-termination hearing where appellant was afforded the opportunity to present evidence and cross-examine the City's witnesses, satisfies the procedural due process

standards set out in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *See also Browning v. City of Odessa*, 990 F.2d 842, 844 (5th Cir.1993). Thus, the record supports the trial court's grant of summary judgment on this claim.

■ Appellant's petition presented two equal protection claims. In the first, she asserts that the City's directive and the police department's regulation impermissibly distinguish between common law and ceremonially married couples. The summary judgment evidence shows that the policies in question make no such distinction. Further, the evidence shows that both the City and the department consider the policies equally applicable to both types of marriages. As the policies contain no classification and do not have a discriminatory effect, no equal protection claim is presented. *State Farm Fire and Cas. Co. v. Price*, 845 S.W.2d 427, 439 (Tex.App.—Amarillo 1992, writ dism'd by agr.).

■ Appellant's second equal protection claim attacks the nepotism policy's classification of married and unmarried employees of the police department. Such a claim has previously been rejected in Texas. *Collier v. Firemen's and Policemen's Civil Service Com'n of Wichita Falls*, 817 S.W.2d 404, 408 (Tex.App.—Fort Worth 1991, writ denied). Although that case involved a fire fighter, the policy at issue was comparable to the policy in the present case. The equal protection analysis undertaken in *Collier* is applicable to, and dispositive of, appellant's claim. Therefore, appellant's equal protection allegation requires no additional consideration.

■ Appellees raise one cross-point challenging the trial court's failure to award attorney's fees. In doing so, they rely on section 143.015(c) of the Local Government Code which provides that "[t]he court may award reasonable attorney's fees to the prevailing party . . . ." The wording of this statute vests discretion in the trial court to either deny or award such fees. *See Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex.

---

5. Although appellant's brief discusses the change in the police department's policy, the summary judgment evidence shows that only the City's policy was modified.

App.—Fort Worth 1982, no writ). Therefore, appellees argue that the trial court's failure to award attorney's fees was an abuse of this discretion.

 This record fails to show that appellees presented any evidence to the trial court pertaining to attorney's fees. As an award of attorney's fees must be supported by credible evidence, *Travelers Ins. Co. v. Brown*, 750 S.W.2d 916, 918 (Tex.App.—Amarillo 1988, writ denied), the trial court did not err in denying attorney's fees.

In summary, for the foregoing reasons, appellant's point of error and appellees' crosspoint of error are overruled.

Accordingly, the judgment of the trial court is affirmed.