Affirmed and Opinion filed October 26, 2006








Affirmed and Opinion filed October 26, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00783-CV

_______________

 

C.O. BRADFORD IN HIS OFFICIAL CAPACITY AS CHIEF OF
POLICE OF 

THE HOUSTON POLICE DEPARTMENT and THE CITY OF HOUSTON,
Appellants

 

V.

 

MICHEL L. PAPPILLION, Appellee

                                                                                       
                                                        

On Appeal from 11th District Court

Harris County, Texas

Trial Court Cause No. 03‑21731

                                                                                                           
                                    

 

O P I N I O N

 

In this police officer disciplinary
action, C.O. Bradford in his official capacity as Chief of Police of the
Houston Police Department (AHPD@) and the City of Houston (collectively, the ACity@) appeal a summary judgment entered
in favor of HPD Sergeant Michel Pappillion on the ground that the hearing
examiner exceeded his authority by reversing a disciplinary sanction based on
an erroneous interpretation of state law.  We affirm.








Background

In 2002, Acting HPD Chief M.W. Thaler
(the AChief@) suspended Pappillion for fourteen
days for violating the Fire Fighters= and Police Officers= Civil Service Rules of the City of
Houston.  Pappillion appealed this suspension (the Asuspension@) to a hearing examiner, who found
that although Pappillion had violated the rules as charged, the City did not
impose the temporary suspension within the 180 day period that is generally
required.  The examiner thus awarded Pappillion reinstatement and back pay.

The City filed suit in District
Court, appealing the hearing examiner=s decision.[1] 
The parties filed cross motions for summary judgment on whether the suspension
was imposed within the required time period.  The district court denied the
City=s motion and granted that of
Pappillion.

Standard of Review








A motion for summary judgment may be
granted if the motion and summary judgment evidence show that, except as to the
amount of damages, there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we
take as true all competent evidence favorable to the nonmovant, and we indulge
every reasonable inference and resolve any doubts in the nonmovant=s favor.  Diversicare Gen.
Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).  When both parties
file motions for summary judgment in the trial court, the appellate court
determines all presented questions and renders judgment.  SAS Inst., Inc. v.
Breitenfeld, 167 S.W.3d 840, 841 (Tex. 2005).

Appeal of Hearing Examiner Decision

Scope of Appeal

A district court may hear an appeal
of a hearing examiner=s award only on the grounds that: (1) the examiner was
without jurisdiction or exceeded his jurisdiction; or (2) the examiner=s order was procured by fraud,
collusion, or other unlawful means.  See Tex. Loc. Gov=t Code Ann. ' 143.1016(j) (Vernon 1999).  The
Texas Supreme Court has recently recognized that the City has a right to appeal
under section 143.1016(j), but the scope of review is restricted to what is
described in that provision.  City of Houston v. Clark, 197 S.W.3d 314,
324 (Tex. 2006).  The Clark opinion further noted that if section
143.1016(j) does not afford the City a meaningful review of the merits of a
decision, delegation of grievance decisions to an independent hearing examiner
may raise constitutional problems.  Id.[2]








In this case, the City=s issues contend that the hearing
examiner=s order falls within section
143.1016(j) because it constitutes an Aabuse of authority,@ and that an abuse of authority means
a decision so arbitrary and unreasonable that it amounts to a clear and
prejudicial error of law.  Because the City does not challenge the scope of
appeal set forth in section 143.1016(j) on constitutional grounds or contend
that the abuse of authority standard is constitutionally required, but only
that it is what section 143.1016(j) prescribes, we address the scope of appeal
only on that basis.

If a statute is clear and
unambiguous, we must apply its words according to their common meaning without
resort to rules of construction or extrinsic aids, although we may also
ascertain legislative intent from the objective of the law, its history, and
the consequences of a particular construction.  State v. Shumake, 199
S.W.3d 279, 284 (Tex. 2006).  In this instance, the terms used in section
143.1016(j) to describe the scope of appeal are unambiguous, and we have found
no statutory definition of them for this purpose (such as to indicate a
departure from their common meaning).  Moreover, the common meaning of those
terms would not include merely an error in applying the law, as the City
contends.

The line of Texas appeals court
decisions that have applied an abuse of authority standard in the context of
section 143.1016(j) appears to have originated with the following rationale:

The City is
correct in its third issue when it argues that the standard of appeal from a
hearing examiner's award is an abuse of authority.  That is the only
interpretation which can be given to Chapter 143.1016(j) of the Texas Local
Government Code, since the statute limits appeals to those situations when the
hearing examiner was "without jurisdiction or exceeded its jurisdiction or
[when] the order was processed by fraud, collusion, or by other unlawful
means."  This type of appeal is clearly intended to differ from an appeal
from a civil service board decision, which requires that the decision be
supported by substantial evidence.

Nuchia v. Tippy, 973 S.W.2d 782, 786B87 (Tex. App.CTyler 1998, no pet.) (citations
omitted).








The Texas Supreme Court has
recognized the abuse of authority standard as applying to the propriety of a
civil service commission=s disciplinary measure that is within the commission=s discretion and supported by
substantial evidence.  See Firemen=s & Policemen=s Civil Serv. Comm=n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984). 
Although the Court did not define this standard, the use of it in that context
indicates it would reach only matters beyond the normal scope of review under
the substantial evidence standard.  See id.  Under that standard, the
review is limited to whether the agency=s decision is free of the taint of
illegality and supported by substantial evidence.  Id. at 955B56.  A substantial evidence review is
thus directed solely to the reasonableness of the decision, not its
correctness.  Id. at 956.  It logically follows that the abuse of
authority standard is a more limited review than the substantial evidence
standard and requires more than just an incorrect or even unreasonable decision
to invoke.

However, some Texas appeals courts
have modified the abuse of authority standard to apply it to the review of any
question of law in an appeal of a commission or agency decision, based on the
rationale that the substantial evidence rule is not a proper standard of review
for a question of law[3] (even though
a substantial evidence review is itself a question of law[4]). 
These decisions reason that, because a trial court has no discretion in
determining the applicable law and applying it to the facts, a failure to do
either correctly is thereby an abuse of authority.[5]

We have found no case in which the
Texas Supreme Court has applied any variation of the abuse of authority
standard to either section 143.1016(j) or any similarly worded statute.  In
addition, although there is overlap between the scope of the abuse of authority
standard and the common meaning of the language used in section 143.1016(j),
there is little, if any, basis to equate them.  Moreover, the variation of the
abuse of authority standard relied upon by the City is considerably different
from that recognized by the Texas Supreme Court. 








Therefore, the scope of review
provided in section 143.1016(j) is unsettled, both facially and constitutionally. 
It is clear only that an appeal from a hearing examiner=s decision differs categorically
from, and is severely circumscribed relative to, an appeal from a Commission
decision, which is itself reviewed only for reasonableness, not correctness.  See
Tex. Loc. Gov=t Code Ann. '' 143.015, 143.1016(j) (Vernon 1999); Clark, 197 S.W.3d
at 319B20; Brinkmeyer, 662 S.W.2d at
955B56.  However, we need not reach a
conclusion on the scope of review under section 143.1016(j) because the City
has not demonstrated, as discussed below, that the hearing examiner applied the
law incorrectly so as to be within the scope of review advocated by the City.

Review of Decision

The hearing examiner=s decision was based on the following
provisions of section 143.117 of the Local Government Code:

(a) The head of the fire or police
department may suspend a fire fighter or police officer under the department
head's supervision or jurisdiction for disciplinary reasons for a reasonable
period not to exceed 15 days.

(b) The department head may suspend a fire fighter or
police officer under this section only if the person violates a civil service
rule.  However, the department head may not suspend a fire fighter or police
officer later than the 180th day after the date the department discovers or
becomes aware of the civil service rule violation. . . .

*          *          *          *

(d) The suspension is void and the
fire fighter or police officer is entitled to the person's full pay if: . . .

(2) the suspension is imposed later
than the 180th day after the date the department discovers or becomes aware of
the violation that resulted in the suspension.

Tex. Loc.
Gov=t Code Ann. ' 143.117(a), (b), (d) (Vernon 1999).

The City does not dispute that
Papillion=s suspension was imposed more than 180 days after the department became
aware of the violation on which it was based, but relies on the following
provision as constituting an exception to the foregoing rule:








(h) The department head may order an indefinite
suspension based on an act classified as a felony or any other crime involving
moral turpitude after the 180‑day period following the date of the
discovery of the act by the department if the department head considers delay
to be necessary to protect a criminal investigation of the person's conduct. 
If the department head intends to order an indefinite suspension after the 180‑day
period, the department head must file with the attorney general a statement
describing the criminal investigation and its objectives within 180 days after
the date the act complained of occurred.

Tex. Loc.
Gov=t Code Ann. ' 143.1017(h) (Vernon 1999) (emphasis added).  In this case, the
Chief initially invoked section 143.1017(h) by sending the prescribed letter
(the Aletter@) to the Attorney General.  However,
at the conclusion of the investigation, Papillion was not charged with a
criminal offense, and the Chief concluded that the findings did not warrant an
indefinite suspension.  Therefore, he imposed only a temporary suspension of 14
days.

The City essentially contends that,
because the sending of the letter operates to toll the 180-day period for
imposing an indefinite suspension, it logically follows that it must have the
same effect where, as here, only a temporary suspension is ultimately imposed
(instead of an indefinite one).  Although this interpretation would obviously
have practical advantages in situations such as this, where it cannot be known
until an investigation is completed whether an indefinite suspension can be
imposed, it is not what the statute plainly states.  Rather than referring
merely to Aa suspension@ or to both kinds of suspension (temporary and indefinite),
as do other provisions, the operative sentence expressly refers only to Aan indefinite suspension.@

It is, of course, possible that an
analysis of legislative history, objectives of the statute, rules of
construction, and the like could lead to a conclusion that the City=s interpretation is nevertheless what
the Legislature Aintended.@  However, the City=s brief provides an inadequate basis
to establish any such legislative intent.  Moreover, there is no indication in
the statute or other rationale to suggest that a hearing examiner has the
qualifications or discretion to interpret statutes other than as they are
plainly written, such that his decision can properly be reviewed on that basis,
and particularly within the limited scope of review under section 143.1016(j).








Because the hearing examiner=s decision is well within a
reasonable interpretation of the statute, the City=s challenge on appeal fails to
demonstrate that the trial court erred in affirming it under the City=s own interpretation of section
143.1016(j).  Accordingly, the City=s issues are overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Opinion filed
October 26, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.  (Fowler, J., concurs in the result only.)









[1]           The City=s
petition sought, in the alternative, a declaratory judgment that the hearing
examiner had exceeded his authority in attempting to retain jurisdiction in the
event a dispute arose regarding his award.  The trial court=s judgment disposed of this claim by reciting that the
parties had stipulated to the issue that hearing examiners cannot retain
jurisdiction subsequent to the issuance of an award.  Beyond the declaratory
relief requested in the City=s petition, the
opening paragraph of its motion for summary judgment states that the City was
seeking a declaratory judgment that the hearing examiner improperly ruled that
the Chief may not administer lesser discipline after complying with section
143.1017(h).  By denying the City=s
motion for summary judgment, the trial court denied the request for declaratory
relief contained in it.  Because the City=s
brief on appeal does not assign error to, or otherwise separately address, the
denial of declaratory relief (but references only the standard of review
applicable to an appeal of a hearing examiner=s decision), we will address the City=s contentions only in the context of its appeal of the hearing examiner=s decision.





[2]           The conclusion in Clark that section
143.1016(j) affords the City a right to appeal a hearing examiner=s decision was based in large part on the City=s contention, and the Court=s concern, that construing the statute to foreclose a
right of appeal would constitute an unconstitutional delegation of legislative
authority.  Clark, 197 S.W.3d at 317, 320.  However, the Texas
Constitution guarantees separation of powers only as between the branches of state
(not local) government.  City of Fort Worth v. Zimlich, 29 S.W.3d 62, 72
(Tex. 2000) (overruling City of Forth Worth=s
separation of powers challenge to the venue provision of the Whistleblower
Statute).  Moreover, in construing the current statute to provide the City this
right of appeal, the opinion construed a previous version of the statute to
deny a police officer or fire fighter that right, and, thus, in effect, to have
the very constitutional defect that the Court was construing the current
statute to avoid.  See id. at 321B25.





[3]           See, e.g., City of Carrollton Civil
Serv. Comm=n v. Peters,
843 S.W.2d 186, 188B89 (Tex. App.CDallas
1992, writ denied).





[4]           See Brinkmeyer, 662 S.W.3d at 956.





[5]           See id.