# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

────────

No. 16-40141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2016

Lyle W. Cayce
Clerk

────────

ELMER COX,

Plaintiff–Appellant,

versus

NUECES COUNTY, TEXAS; JIM KAELIN, Individually,

Defendants–Appellees.


****************************

THOMAS BURNSIDE,

Plaintiff–Appellant,

versus

NUECES COUNTY, TEXAS; JIM KAELIN, Individually,

Defendants–Appellees.

────────────

Appeal from the United States District Court
for the Southern District of Texas

────────────

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge.

     Elmer Cox and Thomas Burnside appeal a summary judgment on their
42 U.S.C. § 1983 claims.  Finding no error, we affirm.

No. 16-40141

I.

Cox and Burnside worked for the Nueces County Sheriff's Department: Burnside in the Patrol Division, Cox in the DEA Taskforce. They were re-assigned to the Nueces County Jail: Burnside on February 3, 2012, Cox on May 31, 2012. They contend the reassignments were based not on merit but on political disagreement; they allege that defendant Jim Kaelin, the sheriff, vengefully transferred them for failing to support his re-election.

In early November 2012, both plaintiffs filed separate (though nearly identically worded) actions, claiming that the reassignment violated their First Amendment rights. In late March 2013, both were fired from the Sheriff's Department. After both complaints had survived motions to dismiss in 2014, they amended to include wrongful-termination claims and to add Kaelin as a defendant in addition to the county.

Cox and Burnside also filed grievances with the Nueces County Civil Service Commission (the "Commission"), alleging only that they were subjected to adverse employment actions in violation of county rules prohibiting such actions on grounds of participating or failing to participate in political activity. The Commission consolidated the grievances and decided them against the plaintiffs in May 2013. The next day, both plaintiffs sued in state court for review of the decision. On March 12, 2015, the state court affirmed the Commission's decision.[1]

Armed with the state judgment, the defendants moved for summary judgment on grounds of res judicata and estoppel. The magistrate judge recommended granting the motion on both grounds, but the district court ruled

---

[1] *See* Order Affirming the Decision of the Nueces County Civil Service Commission, *Burnside v. Nueces Cty. Civil Serv. Comm'n*, No. 2013-DCV-2897-E (148th Dist. Ct., Nueces Cty., Tex., Mar. 12, 2015).

No. 16-40141

that the collateral-estoppel recommendation was moot given its finding of res judicata, so it granted summary judgment on only the claim-preclusion ground.

## II.

The plaintiffs raise two objections to the summary judgment: first, that the district court applied the law of res judicata incorrectly, and second, that res judicata was inappropriate because plaintiffs had deliberately abstained from litigating their federal claims in state court.[2]  Neither is persuasive.

## A.

Because the claimed preclusive effect arises from a state-court judgment, we apply Texas law to determine whether res judicata is applicable.[3]  Under Texas law, res judicata requires proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."[4]

Undeterred by that clear precedent, plaintiffs cited the *federal* standard for res judicata in their opening brief and formulated their arguments based on that standard.  Reading those arguments as generously as possible, we can

---

[2] In their reply brief, Cox and Burnside abandon res judicata and instead posit that the district court incorrectly applied collateral estoppel.  That is puzzling, given that the court specifically adopted the magistrate judge's recommendation on res judicata and explicitly disavowed any ruling on collateral estoppel.  The reply brief never explains why collateral estoppel remains relevant.  In any event, we will not consider the collateral-estoppel point, because "arguments raised for the first time in a reply brief . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *see also, e.g.*, *Flex Frac Logistics, L.L.C. v. NLRB*, 746 F.3d 205, 208 (5th Cir. 2014).

[3] *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982) (holding that 28 U.S.C. § 1738 requires federal courts to apply state law when determining the preclusive effect of state-court judgments).

[4] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)).

discern one main complaint, which combines elements (1) and (3) listed above: Because the Texas state court never decided their First Amendment claims, there is no valid judgment on the merits as regards those claims, so res judicata does not apply. This theory is meritless.[5]

It has been well established for more than twenty years that plaintiffs in Texas are required to bring, in the initial suit, all possible claims arising out of the same "transaction." *See Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence[ ] could have been raised in a prior suit." *Id.* at 631. Thus, if Cox and Burnside could have raised their First Amendment claims in state court, and did not, they are barred from continuing to litigate them in another suit.

Plaintiffs appear aware of this requirement but try to avoid it by suggesting that they were unable to bring their First Amendment claims in state court because the state court's review of the Commission's finding was only to insure that there was substantial evidence supporting that finding.[6] But Texas precedent makes clear that constitutional claims can and should be brought in state-court reviews of civil service commission findings.[7]

Indeed, this circuit has decided the issue. In *Cooper v. City of Dallas*, 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008), the same question arose: A plaintiff tried to prosecute two separate lawsuits, one a federal case bringing

---

[5] Plaintiffs also suggest that res judicata cannot apply because they filed their federal claims first. They provide no authority for that, and we know of none.

[6] Plaintiffs do not appear to contest that these claims arise out of the same transaction under Texas law.

[7] *See Turner v. City of Carrollton Civil Serv. Comm'n*, 884 S.W.2d 889, 894 (Tex. App.—Amarillo 1994, no writ) ("[W]e hold that appellant was entitled to raise her constitutional claims in her suit seeking to set aside [the Civil Service Commission's] ruling.").

No. 16-40141

various federal and state claims and the other an appeal to the Dallas Civil Service Commission. There, as here, the state court reached a final decision first. There, as here, defendants contended that res judicata foreclosed the federal suit after the state court had made its decision. And there, as here, plaintiff did not litigate her federal claims in the state-court proceeding, even though she could have. The district court entered summary judgment for the defendant, 2008 WL 3380554 at *1, and this circuit summarily affirmed "essentially for the reasons provided in the findings and recommendations of the magistrate judge" that the district court had adopted. *Cooper v. City of Dall.*, 402 F. App'x 891, 892 (5th Cir. 2010) (per curiam).

This case is indistinguishable from *Cooper* in all material respects. Cox and Burnside could and should have brought these claims in their state suit; their stated reasons for not doing so are inadequate to prevent res judicata.

### B.

Plaintiffs claim they "abstained" from litigating their already-existing federal claims in state court, warranting reversal. That notion is specious. A threshold requirement for any sort of abstention is that the plaintiffs inform the court of any request to abstain. *See, e.g.*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 n.7 (1984). The putative abstaining court must be aware that it is abstaining from something. *Id.* No notice was given the state court here; the record is bereft of evidence that plaintiffs told it that they wished it only to decide state-law issues, preserving the federal claims for federal court. Indeed, the entire doctrine of abstention contemplates a situation in which the plaintiff has brought both state-law and federal-law claims in state and federal court, and here, as we have seen, plaintiffs never brought any federal claims in a state forum. Abstention is inapposite.

The summary judgment is AFFIRMED.