**REVISED June 8, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10695

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2017

Lyle W. Cayce
Clerk

TRENT S. GRIFFIN, SR.,

      Plaintiff - Appellant

v.

AMERICAN ZURICH INSURANCE COMPANY; WALGREENS COMPANY; GREG WASSON, Chief Executive Officer; JIM REILLY, SR., Director Human Resources; CHESTER STEVENS, District Manager; JANUARI LEWIS, Pharmacy Supervisor; JERRY PADILLA, Pharmacy Supervisor; FELICIA FELTON, Store Manager; JERLINE WASHINGTON, Pharmacy Manager; VANESSA STRONG, Store Manager; MIRANDA MARTINEZ, Pharmacy Technician; DARAVANH KHANMANIVANH, Pharmacy Technician; TEXAS DEPARTMENT OF INSURANCE, Division of Workers' Compensation; RYAN BRANNAN, Texas Workers' Compensation Commissioner; ROD BORDELON, in his individual capacity; GREG ABBOTT, Governor, State of Texas and in his individual capacity; RICK PERRY, in his individual capacity; KEN PAXTON, Attorney General; HENRY WHITMAN, JR., Commissioner C.P.S.; STEPHEN MCKENNA, Child Support Officer; MARK IVERSON, Authorized Agent; WELLS FARGO BANK; ANDREW COLE, Designated Doctor; NICOLE BUSH, Market Scheduler; VALERIE RIVERA, Ombudsman; THOMAS HIGHT, Hearing Officer; TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2470

Before REAVLEY, HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

Pro se Plaintiff Trent S. Griffin appeals the district court's dismissal of his claims against various defendants stemming from an alleged conspiracy which resulted in, inter alia, a foreclosure on his home and the garnishment of his veteran's benefits.  We AFFIRM.

## I.

Plaintiff Trent S. Griffin, proceeding pro se, initially filed suit to assert claims of violations of his rights, inter alia, under: the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act; and 38 U.S.C. § 5301.  These claims are made against four groups of defendants: (1) American Zurich Insurance Company; (2) Walgreens Company and various employees (collectively, "Walgreens");[1] (3) Wells Fargo Bank; and (4) the Texas Department of Insurance, the Texas Department of Family and Protective Services, and various employees of the state of Texas ("State Defendants").[2]  Griffin's claims appear to stem from various events, including: (a) a determination by American Zurich concerning an injury suffered during his employment at Walgreens, (b) alleged discrimination, retaliation, harassment, and a hostile work environment during his employment at Walgreens, (c) Wells Fargo's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] These defendants are Greg Wasson, Jim Reilly, Sr., Chester Stevens, Januari Lewis, Jerry Padilla, Felicia Felton, Jerline Washington, Vanessa Strong, Miranda Martinez, and Daravanh Khanmanivanh.

[2] These defendants are Ryan Brannan, Rod Bordelon, Greg Abbott, Rick Perry, Ken Paxton, Henry Whitman, Jr., Stephen McKenna, Mark Iverson, Andrew Cole, Nicole Bush, Valerie Rivera, and Thomas Hight.

foreclosure on his house and garnishment of his veteran's benefits, and (d) some sort of dispute over custody and child care payments ordered by the State Defendants.

Griffin's complaint generated a flurry of activity, with the defendants filing motions to dismiss, Griffin filing out-of-time amended complaints and motions for summary judgment, and the defendants filing motions to strike in response to these amended complaints. The district court eventually denied most of these motions and re-set the litigation process by ordering Griffin to file a new amended complaint. Once Griffin filed his new amended complaint, American Zurich, Walgreens, and the State Defendants filed a motion to dismiss the amended complaint, while Wells Fargo filed an answer and then subsequently filed a motion to dismiss. The district court individually granted all four motions to dismiss and entered final judgment in favor of each of the groups of defendants. Griffin filed motions for new trials against each of the groups of defendants, which were subsequently denied in an electronic order. Griffin now appeals.

## II.

We review de novo a district court's dismissal for either lack of subject matter jurisdiction or failure to state a claim. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013). When evaluating a motion to dismiss for failure to state a claim, we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir. 2013). We will deny such a motion if the complaint contains sufficient factual matter which, if accepted as true, states a plausible claim for relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As for a motion to dismiss for lack of subject matter jurisdiction, a district court can resolve factual disputes "to the extent necessary to determine jurisdiction" and, based upon such facts, we then

determine whether the district court correctly applied the law. *See Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 346 (5th Cir. 2014).

Griffin's appeal also challenges the manner in which the district court handled the various motions filed in his case. The management of a district court's docket is reviewed for an abuse of discretion. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

## III.

Griffin's sprawling, ninety-seven page appeal attempts to revisit most of the decisions of the district court in dismissing his claims. Our review, however, finds that the order appealed must be affirmed for substantially the same reasons given by the district court. We briefly address the discernable arguments made by Griffin both as to the district court's general handling of his case and to the specific claims against each group of defendants.

*A. The District Court's Management of Griffin's Case*

Griffin lodges two types of arguments against the district court's management of his claims. First, Griffin repeatedly argues that, as a pro se plaintiff, the district court was under an obligation to liberally construe his complaints and failed to do so. Griffin is correct on the law, but we conclude that the district court here liberally construed Griffin's amended complaint. "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 1339 (2017). Griffin's amended complaint, even under a liberal construction, failed to raise anything more than speculative claims. The

district court was correct to grant dismissal even granting a liberal interpretation of Griffin's amended complaint.[3]

Griffin also argues that the district court abused its discretion in managing his case. Griffin alleges that errors by the district court include: not allowing Griffin to initially amend his complaint, not requiring defendants to respond to his motion for partial summary judgment, not converting motions to dismiss his amended complaint into motions for summary judgment, forcing Griffin to respond to "untimely" motions to dismiss his amended complaint, and ultimately granting these untimely motions. We disagree. The district court did not abuse its discretion when it gave Griffin leave to file an amended complaint. Once filed, that amended complaint rendered all earlier motions, including Griffin's motion for partial summary judgment, moot. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Similarly, Griffin's claims that the motions to dismiss his amended complaint were untimely also fail given his request to refile his amended complaint. The subsequent motions to dismiss were all timely based on this refiling. *See* FED. R. CIV. P. 12(a)(1)(i). The district court did not abuse its discretion.

*B. Claims Against American Zurich*

Griffin's appeal argues that the district court erred when it dismissed his claims against American Zurich based on res judicata. Griffin is incorrect: res judicata bars his claim. We note that Texas, not federal, res judicata applies to Griffin's claim before the district court, as the preclusive opinion comes from

---

[3] Griffin also alleges that the district court incorrectly interpreted his claims by not considering his allegations of a greater conspiracy by all four groups of defendants. Griffin's statement appears to be in reference to his claims under 42 U.S.C. § 1985. But that statute does not create any substantive rights and requires a separate violation of Griffin's rights to support a conspiracy claim. *See Miss. Woman's Med. Clinic v. McMillian*, 866 F.2d 788, 794 (5th Cir. 1989). Because the district court found that Griffin failed to plead any violation of his substantive rights, it naturally follows that Griffin failed to plead a conspiracy to violate those rights, and the district court was correct to dismiss this claim.

a state court. *See Cox v. Nueces Cty.*, 839 F.3d 418, 421 & n.3 (5th Cir. 2016). But even though the district court incorrectly applied the federal res judicata standard, its analysis nonetheless supports a finding of res judicata under Texas law.

In Texas, res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on claims that were raised or could have been raised in the first action. *See Cox*, 893 F.3d at 421. The district court determined that the parties were identical, that a court of competent jurisdiction rendered a final judgment on the merits, and that Griffin based both actions on the same nucleus of operative facts. These determinations support a conclusion that res judicata barred this claim under Texas law, and we therefore affirm the district court as to Griffin's claims against American Zurich.

*C. Claims Against Walgreens*

Griffin's appeal as to Walgreens appears to only challenge the district court's determination that his ADA claim failed because he failed to identify any major life activities that are substantially limited by an impairment. Griffin raises no new arguments to this issue, however, and our review of his complaint reveals that his pleadings on this specific point contain no facts about how his impairment affects him major life activities. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Without pleading facts of how his major life activities were limited, Griffin cannot state a sufficient claim to a claim under the ADA. *Hale v. King*, 642 F.3d 492, 499–501 (5th Cir. 2011) (per curiam). Griffin raises no other issues on appeal as to Walgreens. We

6

therefore hold that the district court correctly dismissed all claims against Walgreens.

## D. Claims Against Wells Fargo Bank

Wells Fargo was the only party to file an answer to Griffin's amended complaint before filing its motion to dismiss. Griffin argues in his appeal that the district court improperly handled Wells Fargo's motion, but the district court correctly converted the motion to dismiss into a motion for judgment on the pleadings and ruled on that motion. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Griffin's substantive arguments as to Wells Fargo on appeal concern (1) the procedure surrounding Wells Fargo's placement of child support liens on his accounts and (2) the foreclosure of his home. None of these arguments is persuasive. Griffin provides no law to support his allegations that Wells Fargo was required to provide notice before placing the liens on his accounts, and our review of potentially applicable law reveals that Griffin's complaint is devoid of factual allegations that could potentially support a claim. As to Griffin's foreclosure claim, wrongful foreclosure in Texas requires a plaintiff to plead that there was (1) a defect in the foreclosure, (2) a grossly inadequate selling price, and (3) a causal connection between the two. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767–68 (5th Cir. 2016). Assuming arguendo that Griffin's complaint pleads a defect in the foreclosure, Griffin pleaded neither that the selling price was inadequate nor that the inadequate selling price was caused by that defect. *See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (per curiam). Accordingly, the district court was correct to grant Wells Fargo judgment on the pleadings on all claims asserted by Griffin.

*E. Claims Against State Defendants*

Griffin's appeal as to the State Defendants attacks various aspects of the district court order dismissing his claims on the basis of, inter alia, sovereign immunity, qualified immunity, the *Rooker-Feldman* doctrine, and Griffin's failure to state a claim. None of his arguments on appeal is persuasive.

As an initial matter, Griffin offers no response to the district court's determinations on immunity. We discern no error in the district court's analysis of this matter. Griffin repeats his claims that, under 38 U.S.C. § 5301, the State Defendants improperly garnished his veteran's benefits. But the Supreme Court has stated that § 5301 does not protect veteran's benefits from order or garnishment based on a failure to pay child support. *See Rose v. Rose*, 481 U.S. 619, 630–34 (1987); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("Because domestic relations are preeminently matters of state law, we have consistently recognized that Congress, when it passes general legislation, rarely intends to displace state authority in this area."). Griffin's arguments as to the applicability of the *Rooker-Feldman* doctrine also ring hollow: Griffin's complaint merely attempts to challenge a state court decision under the guise of federal claims. *See Richard v. Hoechst Cleanese Chem. Grp., Inc.*, 355 F.3d 345, 351–52 (5th Cir. 2003).

As a final matter, Griffin repeatedly argues on appeal that the district court improperly set aside a default against one individual State Defendant, Valerie Rivera. Griffin is incorrect. Rivera was not properly served with Griffin's original complaint, a fact the district court noted when it granted Griffin leave to amend his complaint. Griffin fails to demonstrate that he served the amended complaint on Rivera: the summons he relies upon for his claim that service to Rivera was completed was returned months before Griffin filed his amended complaint. This summons therefore could not have included

the amended complaint. As such, the district court did not err in dismissing all claims against the State Defendants.

AFFIRMED.